# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00455-CV

**Walter West, P.E., Appellant**

**v.**

**Texas Commission on Environmental Quality and
Abitibi-Consolidated Corp., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-06-000201, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

**&**

## NO. 03-07-00456-CV

**Walter West, P.E., and The Lone Star Chapter of The Sierra Club, Appellants**

**v.**

**Texas Commission on Environmental Quality and
Abitibi-Consolidated Corp., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-06-000598, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## O P I N I O N

We withdraw our opinion and judgments issued May 29, 2008, and substitute the following in their place. We overrule appellants' motion for rehearing and rehearing en banc. These appeals arise from two lawsuits brought by appellants Walter West, P.E., and the Lone Star Chapter of the Sierra Club seeking judicial review of an uncontested decision by the executive director of the Texas Commission on Environmental Quality granting a wastewater discharge permit to Abitibi Consolidated Corp.[1] Finding appellants' lawsuits untimely because they were filed more than thirty days after the effective date of the executive director's decision, *see* Tex. Water Code Ann. § 5.351 (West 2000), the district court granted the Commission's pleas to the jurisdiction and dismissed both suits for lack of jurisdiction. Because we conclude there was no error in the district court's dismissal of appellants' suits, we affirm the orders of dismissal.

## BACKGROUND

Abitibi and its predecessor Donohue Industries, Inc. (collectively "Abitibi") own and operate a paper mill in Lufkin, Texas. The paper mill has been manufacturing paper since 1940. As a result of its operations, the mill has been discharging wastewater pursuant to a state water quality permit since 1961. In November 2000, Abitibi filed an application with the Commission for the renewal and amendment of its permit, TPDES Permit No. 00368. Following a technical review of the permit application, the executive director issued a preliminary decision that the requested permit met the requirements of applicable law. The executive director's preliminary decision triggered a

---

[1] We granted the parties' motion to consolidate these appeals for the limited purposes of briefing and submission on a joint administrative record and a joint reporter's record.

period of public notice and comment on the Abitibi application. After the close of the notice and comment period, "affected persons"[2] were entitled to submit a request for a contested case hearing. *See id.* § 5.115 (West 2000).

The Commission considered all of the requests for a contested case hearing at a public meeting on June 15, 2005. After the meeting, the Commission issued an order granting only the hearing request from Jo Ellen Atkinson. The Commission denied all other requests for a hearing, including those submitted by West and the Sierra Club. The Commission determined that West and the Sierra Club were not "affected persons" within the meaning of the water code. *See id.* §§ 5.115 (defining "affected person"), 5.556[3] (prohibiting hearing unless requested by affected person as defined in section 5.115) (West 2000).[4]

---

[2] Section 5.115 of the water code defines the term "affected person." Tex. Water Code Ann. § 5.115(a) (West 2000). The statute provides:

> For the purpose of an administrative hearing held by or for the commission involving a contested case, "affected person," or "person affected," or "person who may be affected" means a person who has a personal justiciable interest related to a legal right, duty, privilege, power, or economic interest affected by the administrative hearing. An interest common to members of the general public does not qualify as a personal justiciable interest. The commission shall adopt rules specifying factors which must be considered in determining whether a person is an affected person in any contested case arising under the air, waste, or water programs within the commission's jurisdiction and whether an affected association is entitled to standing in contested case hearings.

*Id.*

[3] Act of May 30, 1999, 76th Leg., R.S., ch. 1350, § 2, 1999 Tex. Gen. Laws 4570, 4570-72.

[4] In its order, the Commission denied all motions for reconsideration.

After the Commission referred Abitibi's application to the State Office of Administrative Hearings for a contested case hearing, Ms. Atkinson withdrew her request for a hearing. Upon the withdrawal of Ms. Atkinson's hearing request, the administrative law judge cancelled the preliminary hearing and granted Abitibi's motion to remand the application to the executive director for further proceedings. *See* 30 Tex. Admin. Code § 80.101 (2007). Once the Abitibi application was remanded to the Commission, it was deemed an uncontested matter pursuant to the Commission's rules. *See id.*

On remand, the executive director granted the uncontested permit application as authorized by law. *See* Tex. Water Code Ann. § 5.122 (West 2000) (delegating uncontested matters to the executive director); 30 Tex. Admin. Code §§ 50.133 (2007) (authorizing executive director to act on uncontested matters), 80.101 (2007) (remanding uncontested applications to executive director). The executive director signed the permit on December 9, 2005, and his decision was effective that same day. *See* 30 Tex. Admin. Code § 50.135 (2007). It is undisputed that West and the Sierra Club received notice of the executive director's decision.

Section 5.351 of the water code allows a person to seek judicial review of a Commission's decision by filing a petition for judicial review within thirty days after the effective date of the decision. Tex. Water Code Ann. § 5.351. West filed his petition for judicial review on January 18, 2006, and the Sierra Club filed a separate petition for judicial review, joined by West filing for a second time, on February 17, 2006. The district court determined that both petitions were

4

untimely, granted the Commission's pleas to the jurisdiction,[5] and dismissed appellants' suits for want of jurisdiction. These appeals followed.

**DISCUSSION**

In two issues, appellants contend that the district court erred in granting the Commission's pleas to the jurisdiction and Abitibi's motion for summary judgment. Appellants claim that the district court erred in determining that judicial review of the Commission's decision and the proceedings leading up to that decision were governed by the water code and not the Administrative Procedure Act ("APA") and that the district court erred in determining that it lacked jurisdiction to consider appellants' petitions for judicial review.

*Standard of review*

Whether the district court had subject matter jurisdiction over appellants' claims presents a question of law that we review *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). When reviewing a district court's ruling on a plea to the jurisdiction, we begin with the pleadings and we look to the pleader's intent. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The pleader has the initial burden to allege facts that affirmatively demonstrate the district court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally in favor of jurisdiction and, unless the pleadings affirmatively negate the existence of jurisdiction, the plaintiff should be given an opportunity to amend. *Id.* at 226-27.

---

[5] The district court also granted Abitibi's motion for partial summary judgment for lack of jurisdiction.

*Judicial review of the executive director's decision*

In their first issue, appellants argue that the APA provides an independent right to judicial review of contested case decisions and that the district court's dismissal of their suits was in error. We disagree.

The supreme court held in *Texas Natural Resource Conservation Commission v. Sierra Club* that "[a]n agency's enabling legislation determines the proper procedures for obtaining judicial review of an agency decision." 70 S.W.3d 809, 811 (Tex. 2002) (citing *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex. 1986), *overruled in part on other grounds*, *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2001)). We therefore look to the Commission's enabling legislation to determine the proper procedures for judicial review. *See id.*

Section 5.351 of the water code establishes the proper procedures for obtaining judicial review of the Commission's decision in this case.[6] *See* Tex. Water Code Ann. § 5.351. That section requires a person affected by the Commission's decision to file a petition for judicial review "within 30 days after the effective date" of the decision. *See id.* Subject to constitutional and

---

[6] Section 5.351 states:

    (a)    A person affected by a ruling, order, decision, or other act of the commission may file a petition to review, set aside, modify, or suspend the act of the commission.

    (b)    A person affected by a ruling, order, or decision of the commission must file his petition within 30 days after the effective date of the ruling, order, or decision. A person affected by an act other than a ruling, order, or decision must file his petition within 30 days after the date the commission performed the act.

Tex. Water Code Ann. § 5.351 (West 2000).

statutory limitations, administrative agencies have discretion to set effective dates for their decisions and orders. *See Railroad Comm'n v. Lone Star Gas Co.*, 656 S.W.2d 421, 425-26 (Tex. 1983); *Heat Energy Advanced Tech. v. West Dallas Coalition for Envtl. Justice*, 962 S.W.2d 288, 292-93 (Tex. App.—Austin 1998, pet. denied) (hereinafter "*H.E.A.T.*"); *Young Trucking, Inc. v. Railroad Comm'n*, 781 S.W.2d 719, 720-21 (Tex. App.—Austin 1989, no writ). By rule, the Commission has established that, unless otherwise stated therein, a permit is effective when signed by the executive director. *See* 30 Tex. Admin. Code § 50.135. Because it was not otherwise stated in the permit, the Abitibi permit was effective the day it was signed by the executive director—December 9, 2005. *See id.* By statute then West and the Sierra Club were required to file their petitions for judicial review within thirty days—or no later than January 8, 2006. *See* Tex. Water Code Ann. § 5.351.

Appellants counter that section 5.351 does not govern judicial review in this instance because the Abitibi application was a contested case and the APA provides an independent right of judicial review in contested cases; therefore, the judicial review provisions of the APA, not the water code, apply. In support of this argument, appellants rely on the supreme court's decision in *Texas Department of Protective and Regulatory Services v. Mega Child Care, Inc.*, 145 S.W.3d 170 (Tex. 2004). Appellants' reliance on *Mega Child Care* is misplaced. The supreme court, in *Mega Child Care*, held that "section 2001.171 of the APA provides an independent right to judicial review when an agency enabling statute neither specifically authorizes nor prohibits judicial review." *Id.* at 197. In other words, the APA provides an independent right to judicial review when the agency's enabling act is silent. *See id.* But the water code is not silent. The water code expressly provides a right to judicial review of Commission decisions. *See* Tex. Water Code Ann. § 5.351. Because

7

the water code expressly provides a right to judicial review, the supreme court's holding in *Mega Child Care* is inapposite.

Appellants further argue that the APA applies because the Abitibi application was a contested case, but this argument is without merit. Although we agree with appellants' general assertion that the APA provides for judicial review of an agency's final decision in a contested case, the Commission's approval of the Abitibi application was not a final decision in a contested case within the meaning of the APA. For this reason, we conclude the water code, not the APA, governs judicial review of the Commission's decision here.

Section 2001.171 of the APA provides:

> A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision *in a contested case* is entitled to judicial review under this chapter.

Tex. Gov't Code Ann. § 2001.171 (West 2000) (emphasis added). By its plain language, section 2001.171 provides a right to judicial review of final agency decisions only in contested cases. *Id.* The plain language of the water code, however, does not limit the right to judicial review of Commission decisions only to contested cases. *See* Tex. Water Code Ann. § 5.351. The APA defines "contested case" as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." *See* Tex. Gov't Code Ann. § 2001.003(1) (West 2000). The APA also defines "party" as "a person or state agency named or admitted as a party." *Id.* § 2001.003(4) (West 2000).

8

Appellants argue that once the Commission granted Ms. Atkinson's request for a hearing and referred the Abitibi application to SOAH, there was an opportunity for an adjudicative hearing and, therefore, the judicial review provisions in the APA attached. Having once attached, appellants contend that the proceeding always remained subject to judicial review under the APA. Appellants' argument misses the mark because it fails to consider the withdrawal of Ms. Atkinson's hearing request and the Commission's rule providing for remand of uncontested matters.

The Commission granted only one hearing request—the request submitted by Ms. Atkinson. When the Commission referred the Abitibi application to SOAH, Ms. Atkinson and Abitibi were the only parties to the proceeding within the meaning of the APA. *See id.* Although allowed by the Commission's rules, *see* 30 Tex. Admin. Code § 80.109 (2007) (designation of parties), neither West nor the Sierra Club sought to be admitted as a party to the SOAH proceeding. Under the Commission's rules then, once Ms. Atkinson withdrew her request for a hearing, the ALJ was required to grant Abitibi's request to cancel the hearing and remand the application to the executive director, *see id.* § 80.101 (allowing for remand to executive director). Because the hearing had been cancelled, the Abitibi application no longer satisfied the APA definition of a "contested case." *See* Tex. Gov't Code Ann. § 2001.003(1).

The legislature has required administrative agencies to adopt rules of practice and procedure stating the nature and requirements of all available formal and informal procedures. *Id.* § 2001.004(1) (West 2000). In section 80.101 of its rules, the Commission has provided that, if all timely hearing requests are withdrawn or denied or if all named parties reach a settlement and no facts or issues remain controverted, the ALJ shall grant an applicant's request to remand

9

an application to the executive director and, after remand, the application shall be uncontested. *See* 30 Tex. Admin. Code § 80.101. The Commission granted only one request for a hearing, which was later withdrawn, and no other parties had been named in the SOAH proceeding. As a result, the ALJ was required to grant Abitibi's motion to remand the application to the executive director as an uncontested matter. *See id.* In light of the Commission's rules, we reject appellants' argument that once the Commission refers a matter to SOAH for a hearing, it retains the status of a contested case within the meaning of the APA simply by virtue of the Commission's original referral.

The Commission has complied with the legislature's directive to adopt rules stating the nature and requirements of all formal and informal procedures. *See* Tex. Gov't Code Ann. § 2001.004(1). The record demonstrates that the Commission followed its rules. Because the Commission's decision approving the Abitibi application was not "a final decision in a contested case," we conclude that the APA provisions for judicial review in contested cases do not apply. *See id.* § 2001.171 (providing "a person . . . who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.")

*Timeliness of petitions for judicial review*

Having concluded that the water code, not the APA, governs judicial review of the Commission's decision in these circumstances, we consider whether appellants properly invoked the jurisdiction of the district court under the water code. *See* Tex. Water Code Ann. § 5.351. Section 5.351 required appellants to file their petitions for judicial review within thirty days of the effective date of the Commission's decision. *See id.* Because the Commission's decision was effective December 9, 2005, appellants' petitions were due on or before January 8, 2006. Although

10

West and the Sierra Club received notice of the executive director's decision,[7] neither West nor the Sierra Club filed a timely petition for judicial review. West filed his initial petition for judicial review on January 18, 2006—ten days after the deadline specified in the water code—and the Sierra Club filed its petition for judicial review, joined by West, on February 17, 2006—more than one month after the deadline specified in the water code.

We conclude that both petitions for judicial review were untimely because they were not filed within the thirty-day deadline specified in section 5.351 of the water code.[8] We likewise

---

[7] Although the notice of the executive director's decision sets forth the procedures for filing a "motion to overturn" and requesting the Commission to review the executive director's decision, it does not inform the recipient that, under the Commission's rules, filing a motion to overturn does not affect the executive director's approval of the Abitibi application. *See* 30 Tex. Admin. Code § 50.139(d) (2007). Nor does the notice explain that in order to appeal the executive director's decision a person must file a petition for review in district court as required under the water code—*i.e.*, within thirty days of the effective date of the executive director's decision. West and the Sierra Club do not argue on appeal that the Commission's notice was defective, and we recognize that both West and the Sierra Club are represented by counsel. We observe, however, that the Commission's notice does not fully explain the range of options available to a person trying to protest an application pending before the Commission, much less the impact of each available option. The record reflects that West and the Sierra Club filed motions to overturn with the Commission but did not file their petitions for judicial review until after the statutory deadline in water code section 5.351 had passed. Had West and the Sierra Club been fully apprised of the range of options available to them and the effects of each option, they may have decided to forego the filing of a motion to overturn in favor of a timely petition for judicial review. As a practical matter, appellants could have done both. *See, e.g.*, *Heat Energy Advanced Tech. v. West Dallas Coalition for Envtl. Justice*, 962 S.W.2d 288, 293 (Tex. App.—Austin 1998, pet. denied) (concluding that petition for judicial review filed within section 5.351's thirty-day time period properly invoked district court's jurisdiction even if motion for rehearing was required under the APA). By our comments we do not suggest that West or the Sierra Club need not exhaust their administrative remedies. We merely suggest that the notice provided by the Commission does not fully explain the range of available options. *See id.*

[8] To the extent appellants' brief can be construed to claim that the filing of a motion to overturn extended appellants' deadline to file their petitions for judicial review, we reject that argument. Appellants were required to file their petitions for judicial review within thirty days after the effective date of the Commission's decision. *See* Tex. Water Code Ann. § 5.351. Nothing in

11

conclude that appellants' failure to comply with this statutory prerequisite deprived the trial court of jurisdiction to consider appellants' petitions for judicial review. *See* Tex. Gov't Code Ann. § 311.034 (statutory prerequisites in a suit against governmental entity are jurisdictional); *Sierra Club*, 70 S.W.3d at 811 (agency's enabling act establishes proper procedure for obtaining judicial review); *Suchy v. Texas Nat. Res. Conservation Comm'n*, No. 03-97-00714-CV, 1998 Tex. App. LEXIS 7984, at *7-8 (Tex. App.—Austin 1998, no pet.) (not designated for publication) (holding failure to comply with 30-day filing deadline in water code section 5.351 deprived the district court of jurisdiction to consider suit for judicial review); *see also Schroeder v. Texas Iron Works, Inc.*, 843 S.W.2d 483, 486 (Tex. 1991) (holding filing deadline in the Texas Commission on Human Rights Act, now chapter 21 of the labor code, is mandatory and jurisdictional); *Texas Mun. League v. Burns*, 209 S.W.3d 806, 811-12 & n.9 (Tex. App.—Fort Worth 2006, no pet.) (holding filing deadline in labor code section 410.252(a) is mandatory and jurisdictional). The district court properly granted the Commission's pleas to the jurisdiction.

### *Error in the proceedings before the Commission and SOAH*

To the extent appellants complain that the Commission erred in denying their requests for a contested case hearing, that the ALJ improperly remanded the Abitibi application to the executive director as an uncontested matter, or that the ALJ's remand order deprived appellants of the opportunity to seek admission as a party in the SOAH proceedings, none of these arguments

---

the water code allows this deadline to be extended, and the plain language of the Commission's rules provides that, unless expressly ordered by the Commission, a motion to overturn does not affect the executive director's action. *See* 30 Tex. Admin. Code § 50.139(d). Appellants do not contend, and nothing in the record shows, that the Commission entered an express order to the contrary.

address appellants' failure to timely file their petitions for judicial review as required in section 5.351 of the water code. We conclude appellants' arguments are without merit.

The Commission's denial of appellants' requests for a contested case hearing and the ALJ's order remanding the Abitibi application to the executive director were interim orders not subject to appeal or judicial review.[9] *See City of Corpus Christi v. Public Util. Comm'n*, 572 S.W.2d 290, 299-300 (Tex. 1978) (op. on reh'g) (recognizing "[c]oncern for efficient administrative procedure requires consideration of the validity of interim orders only upon appeal from final orders"). Each of these interim orders was subsumed within the Commission's final decision to approve the permit application and subject to judicial review on appeal therefrom. *See id.* To obtain judicial review of these interim orders, appellants were required to seek judicial review of the Commission's final decision in compliance with section 5.351 of the water code. *See id.*; *see also* Tex. Water Code Ann. § 5.351; *Sierra Club*, 70 S.W.3d at 811. Because appellants failed to seek timely review of the Commission's final decision, we conclude that the district court lacked jurisdiction to review these interim orders. *See City of Corpus Christi*, 572 S.W.2d at 299-300 (review of an agency's interim orders occurs upon review of its final decision). We overrule appellants' first issue.

---

[9] Even were we to hold that these interim orders were subject to judicial review under the water code, appellants do not argue that their petitions for judicial review challenged each of these orders in a timely manner or otherwise satisfied the requirements in section 5.351 of the water code.

*Abitibi's motion for partial summary judgment*

In their second issue, appellants argue that the district court improperly granted Abitibi's motion for partial summary judgment based on lack of jurisdiction. In light of our conclusion that there was no error in the district court's grant of the Commission's pleas to the jurisdiction dismissing appellants' suits for lack of jurisdiction, we need not reach appellants' second issue.

## CONCLUSION

Because appellants did not file their petitions for judicial review within the time period required in section 5.351 of the water code, we conclude the district court properly granted the Commission's pleas to the jurisdiction, and we affirm the district court's orders dismissing appellants' suits for lack of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed on Motion for Rehearing

Filed: July 31, 2008

14