TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00720-CV






Texas Commission on Environmental Quality, Mark R. Vickery, Executive Director,
Concerned Citizens for Red River County, and Edwin R. Stephenson, Appellants //
Edwin B. Kelsoe, Cross-Appellant


v.


Edwin B. Kelsoe, Appellee // Texas Commission on Environmental Quality,
Mark R. Vickery, Executive Director, Concerned Citizens for Red River County,
and Edwin R. Stephenson, Cross-Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. D-1-GN-06-00757, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING





O P I N I O N


 This case arises out of appellee and cross-appellant Edwin B. Kelsoe's application
for a solid-waste landfill permit. After returning Kelsoe's application twice for deficiencies,
appellant and cross-appellee Texas Commission on Environmental Quality determined that the
application was incomplete and on December 9, 2005, returned Kelsoe's latest revised application. 
Kelsoe filed a motion to overturn the decision to return the application on January 3, 2006, and that
motion was overruled by operation of law on January 23, 2006. Kelsoe filed his original petition
challenging TCEQ's decision on March 2, 2006. TCEQ filed a plea to the jurisdiction, asserting that
Kelsoe's petition was filed too late to invoke the trial court's jurisdiction. The trial court determined
that Kelsoe was entitled to one more notice of deficiency before the application was returned and that
the time to file suit ran from February 2, 2006, which was the date TCEQ informed Kelsoe that it
would not review the return of his permit. The trial court therefore reversed TCEQ's determination
that the application was incomplete and should be returned and remanded the matter to TCEQ to
give Kelsoe one more notice of deficiency. We reverse the trial court's judgment and render
judgment dismissing Kelsoe's suit as untimely filed.


Discussion

 An applicant seeking a landfill permit must submit an administratively complete
application before it will be submitted for technical review. See Tex. Water Code Ann. §§ 5.552-.557 (West 2008); Tex. Health & Safety Code Ann. §§ 361.066, .068 (West 2001). TCEQ's
"executive director shall determine when an application is administratively complete." Tex. Water
Code Ann. § 5.552(a); see Tex. Health & Safety Code Ann. § 361.066(a) ("applicant must submit
any portion of an application that the commission determines is necessary to make the application
administratively complete"). (1) If the application is not amended to be administratively complete, "the
application is considered withdrawn, unless there are extenuating circumstances." (2) Tex. Health
& Safety Code Ann. § 361.066(b). A person "affected by a ruling, order, decision, or other act" by
TCEQ may appeal to the district court in Travis County, but the petition must be filed "not later
than the 30th day after the date of the ruling, order, decision, or other act." Id. § 361.321(a), (c)
(West 2001); see Tex. Water Code Ann. § 5.351 (West 2008) (person affected by "ruling, order,
decision, or other act" by TCEQ may seek judicial review by filing petition "within 30 days after the
effective date of the ruling, order, or decision" or, if appealing "act other than a ruling, order, or
decision," within "30 days after the date [TCEQ] performed the act").

 Kelsoe asserts several reasons why the filing of his petition for judicial review is not
affected by or subject to the thirty-day deadline set out in the water and health and safety codes. 
First, we consider Kelsoe's argument that his suit was filed under section 5.352 of the water code. 
Kelsoe argues that TCEQ's decision to return his application as incomplete was not uncontested or
"final and appealable" and, therefore, he was not bound by the thirty-day deadlines set out in the
water or health and safety code provisions governing judicial review. Kelsoe also argues that
because it was the executive director, or, more accurately, his designee, that returned the application
as incomplete, Kelsoe's complaints do not fall within the statutes governing judicial review of
actions by TCEQ. (3) Instead, Kelsoe argues, his suit was filed under section 5.352, which allows a
person "affected by the failure of the commission or the executive director to act in a reasonable time
on an application to appropriate water or to perform any other duty with reasonable promptness" to
petition the trial court to compel TCEQ or the executive director to act. Tex. Water Code
Ann. § 5.352 (West 2008). He contends that because no statute or rule specifically governs an
appeal from a finding of incompleteness, his complaints could only have sought mandamus relief
under section 5.352 or the common law and are not subject to the thirty-day deadline. We disagree.

 Section 5.352 allows a party to seek mandamus relief for TCEQ's or the executive
director's failure to act. See id. However, Kelsoe sought to overturn the executive director's
determination of administrative incompleteness, the return of the application, and TCEQ's refusal
to overturn the executive director's decisions. Throughout his pleadings and briefs on appeal,
Kelsoe complains about the executive director's actions, arguing that the director "lacked authority
to act on the application" or that he erred in making his "actual decision." Section 5.352 does not
allow for mandamus relief from TCEQ's or the executive director's unfavorable decisions or actions,
but from their failure to act at all. See id. Although Kelsoe argues that TCEQ's return of his
application "is not a 'decision' on an application, it is a refusal to consider it," we disagree and hold
that the determination that an application is administratively incomplete and the subsequent return
of the application are decisions and actions taken on the application. (4) Thus, Kelsoe's claims do not
fall within section 5.352's mandamus provision. (5) Further, because Kelsoe had an adequate remedy
by appeal, a conclusion we discuss below, his complaints were not proper subjects for common-law
mandamus relief. See In re Prudential Ins. Co., 148 S.W.3d 124, 135-36 (Tex. 2004). 

 Neither the water code nor the health and safety code specifically address an appeal
from the executive director's decision of administrative incompleteness. Kelsoe argues that section
5.351 of the water code and section 361.321 of the health and safety code only apply after a
contested case hearing, but the plain language of the statutes does not support that conclusion; the
statutes speak of seeking review of any "ruling, order, decision, or other act." He further argues that
"if the commission had made the final decision in this case, Kelsoe would have been afforded the
contested case hearing on the issue of administrative or technical completeness." However, the
water code clearly provides that the decision of administrative completeness is left to the executive
director and does not provide for review of that decision by TCEQ. Thus, the director's decision that
the application was incomplete was a final, reviewable decision subject to the provisions of sections
5.351 and 361.321. Having reviewed the statutory schemes governing landfill permits and TCEQ
permitting in general, we hold that an applicant seeking judicial review of the executive director's
decision or act of returning an application as administratively incomplete must avail himself of the
provisions set out in sections 5.351 of the water code and 361.321 of the health and safety code. 

 Next, we consider Kelsoe's arguments related to the administrative rules applicable
to the TCEQ permitting process. (6) Kelsoe insists that his suit was timely because it was filed within
thirty days of February 2, 2006, the date on which TCEQ sent notice that it would not grant Kelsoe's
motion to overturn the return of his application. Essentially, he argues that the executive director's
decision was not appealable until TCEQ sent notice of its decision on Kelsoe's motion to overturn
and, therefore, that Kelsoe's filing of the motion to overturn meant his time to appeal did not begin
to run until after TCEQ's notice of its decision on his motion. (7) Kelsoe also asserts that because he
contested whether his application was complete, the executive director lacked the authority to act
on the application. See 30 Tex. Admin. Code § 50.133(a) (2008) (executive director may act on
uncontested application). However, the rules Kelsoe cites, largely governing motions to overturn,
apply only to applications that are declared to be administratively complete. See id. §§ 50.2(a),
.102(a), .131(b), .55.1(a), .200 (2008). Further, nothing in the statutes or rules makes TCEQ's notice
of its decision on a motion to overturn a triggering event for seeking judicial review. 

 Instead, the rules that apply here are sections 281.3, 281.17, and 281.18 and former
section 330.51, which govern the executive director's determination of whether an application is
administratively complete. See id. §§ 281.3(a), .17(d), .18 (2008), 330.51 (2005). (8) Those rules do
not allow for a motion to overturn the director's decision of administrative incompleteness. Thus,
Kelsoe's motion to overturn the director's return of his application did not extend the time to seek
judicial review. The deadline for filing his petition for judicial review was therefore
January 8, 2006, thirty days after the executive director returned Kelsoe's application as incomplete.

 Even if we were to allow Kelsoe to rely on the rules governing motions to overturn, 
rules that explicitly apply only to administratively complete applications, see id. §§ 50.2(a), .102(a),
.131(b), a motion to overturn must be filed within twenty-three days of the date TCEQ mails notice
of the executive director's action. Id. § 50.139(b) (West 2008). In this case, the director's letter
returning the application was sent December 9, 2005, making Kelsoe's motion to overturn due on
January 2, 2006. See id. (first Monday following twenty-three days after December 9, 2005). 
Kelsoe's motion, sent to TCEQ by facsimile on January 3, was thus untimely. Furthermore, if we
overlook that defect, the motion was denied by operation of law on January 23, 2006, forty-five days
after Kelsoe's application was returned. See id. § 50.139(f)(1). Thus, the very latest date by which
Kelsoe's petition for judicial review had to be filed was February 22, 2006, thirty days after
Kelsoe's motion was overruled by operation of law. We hold that Kelsoe's petition for judicial
review, filed March 2, 2006, was untimely. 

 Finally, we consider Kelsoe's argument that because he alleged violations of his
constitutional due-process rights, he had a right to bring his suit when he did, citing Continental
Casualty Insurance Co. v. Functional Restoration Associates, 19 S.W.3d 393, 397 (Tex. 2000). 

 The supreme court has said, "It is well recognized under Texas law that there is no
right to judicial review of an administrative order unless a statute provides a right or unless the order
adversely affects a vested property right or otherwise violates a constitutional right." Id. This does
not mean, however, that when a statute does provide a right to judicial review, a person raising a
constitutional claim need not comply with the statute's requirements. See, e.g., Texas Workers'
Comp. Comm'n v. Patient Advocates of Tex., 136 S.W.3d 643, 658-59 (Tex. 2004) ("[d]ue process
. . . requires notice and an opportunity to be heard at a meaningful time and in a meaningful
manner," but even constitutional claims must be brought within time and procedures set out in
statutes allowing for judicial review); Walter West, P.E. v. Texas Comm'n on Envtl. Quality,
260 S.W.3d 256, 260-61, 263 (Tex. App.--Austin 2008, pet. denied) (op. on reh'g) ("the APA
provides an independent right to judicial review when the agency's enabling act is silent," but
because "water code expressly provides a right to judicial review of Commission decisions," parties
seeking review of decision under water code must comply with statute governing review, and filing
within thirty-day deadline is "statutory prerequisite" for seeking judicial review); Texas Advocates
Supporting Kids With Disabilities v. Texas Educ. Agency, 112 S.W.3d 234, 236, 238-39
(Tex. App.--Austin 2003, no pet.) (legislature did not set deadlines for requesting due-process
hearings or seeking judicial review and gave agency authority to "create a statewide program to
educate disabled children"; thus, agency did not exceed authority in promulgating rule limiting time
to seek judicial review). As in Walter West, the water and health and safety codes provided Kelsoe
with a procedure for seeking judicial review, a procedure that imposes a thirty-day deadline for
seeking review. See 260 S.W.3d at 263 ("both petitions for judicial review were untimely because
they were not filed within the thirty-day deadline specified in section 5.351 of the water code" and
"appellants' failure to comply with this statutory prerequisite deprived the trial court of jurisdiction
to consider appellants' petitions for judicial review").


Conclusion

 Regardless of the merits of Kelsoe's complaints related to the executive director's
decision to return the application as incomplete, Kelsoe's petition for judicial review, filed on
March 2, 2006, was untimely and did not invoke the trial court's jurisdiction over any of his
complaints. See id. We reverse the trial court's judgment and render judgment dismissing Kelsoe's
suit for lack of jurisdiction.


 __________________________________________

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Reversed and Rendered

Filed: March 11, 2009
1. See Tex. Water Code Ann. § 5.551(a) (West 2008) (chapter 5, subchapter M of water code
applies to permits issued under chapter 361 of health and safety code).
2. Once an application is determined to be administratively complete, it is then submitted for
public notice and technical review. See, e.g., id. §§ 5.552-.557 (West 2008); Tex. Health & Safety
Code Ann. § 361.068 (West 2001).
3. A suit against TCEQ or its executive director "shall be brought in the name of the
commission," Tex. Water Code Ann. § 5.357 (West 2008), thus a suit against the executive director
is a suit against TCEQ.
4. The duty or responsibility to submit an application for technical review only arises after
an application is determined to be administratively complete. See id. §§ 5.552-.557; Tex. Health
& Safety Code Ann. § 361.068; see also Larry Koch, Inc. v. Texas Natural Res. Conservation
Comm'n, 52 S.W.3d 833, 837-38 (Tex. App.--Austin 2001, pet. denied). 
5. Kelsoe's complaints may be read as complaining that TCEQ's decision to allow his motion
to overturn to be overruled by operation of law amounted to a failure to act challengeable by
mandamus under section 5.352. However, even if we apply the administrative rules in question,
which govern motions to overturn or reconsider filed in relation to administratively complete
applications, because TCEQ's rules specifically allow for a motion to be overruled by operation of
law, see 30 Tex. Admin. Code § 50.139(f)(1) (2008), TCEQ cannot be forced by mandamus to
affirmatively act on a motion rather than allowing it to be overruled by passage of time.


 Kelsoe also argues that because the administrative code delegates to the executive director
the power to act on permits but does not specify whether findings of administrative incompleteness
are final and appealable, Kelsoe was entitled to appeal to TCEQ through a motion to overturn and
then seek judicial review or mandamus relief in the trial court. See Tex. Water Code Ann. § 5.122
(West 2008) (person affected by director's decision "on a matter delegated under this section" may
appeal to TCEQ unless action is made "final and appealable by the commission rule that delegates
the decision" to the director). However, the director's authority to determine administrative
completeness was not delegated by TCEQ through rule or order but rather was statutorily granted
by the legislature. Id. § 5.552(a) (West 2008). Thus, section 5.122(b) does not apply.
6. Unless there has been a substantive change in the administrative rules that applied when
Kelsoe filed his application, we will refer to the current rules for convenience. 
7. The rules governing the effectiveness of and appeal from an executive director's decision
indicate that (1) the decision is final and goes into effect immediately, see 30 Tex. Admin.
Code § 50.139(d); (2) the deadline for filing a motion to overturn runs from the date of notice of the
director's action, see id. § 50.139(b); and (3) a motion to overturn is overruled by operation of law
if TCEQ does not act on it within forty-five days from the date TCEQ sent notice of the director's
action, see id.§ 50.139(f)(1). 
8. Once received by the executive director, a solid-waste permit application is reviewed for
administrative completeness. Id. § 281.3(a) (2008) (initial review). If the application contains the
required information, the executive director or his designee prepares a declaration of administrative
completeness. Id. § 281.17(d) (2008). If the application is not administratively complete, the
director notifies the applicant of the deficiencies and allows the applicant to submit additional
information. Id. § 281.18 (2008). If the application is not submitted in an administratively complete
form by the deadline set by the director, "the application shall be considered withdrawn." Id.
§ 281.18(b). Former section 330.51 set out the information that was required before an application
was considered to be administratively complete. Id. § 330.51 (2005) (now at id. § 330.57 (2008)).