TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00699-CV






The City of Austin, Appellant


v.


Texas Commission on Environmental Quality and KBDJ, L.P., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-GN-05-004217, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





O P I N I O N


 Appellant, the City of Austin, filed suit against the Texas Commission on
Environmental Quality, challenging the Commission's approval of a water pollution abatement plan
filed by KBDJ, L.P. relating to activities affecting the Edwards Aquifer. The district court entered
judgment in favor of the Commission and KBDJ. We hold that the effective date of the
Commission's decision was not tolled by the City's filing a motion to overturn and, therefore,
the City failed to file suit within 30 days after the effective date of the Commission's decision
as required by Texas Water Code section 5.351(b). Consequently, we vacate the district court's
judgment against the City and dismiss the City's suit for want of jurisdiction.

Factual and Procedural Background

 KBDJ proposed to construct a limestone quarry pit in Hays County within the
recharge zone of the Edwards Aquifer. On December 1, 2003, KBDJ submitted an application to
the Commission for approval of its water pollution abatement plan (WPAP). See 30 Tex. Admin.
Code § 213.5(b) (2009) (required contents of WPAP). On October 28, 2005, the executive director
of the Commission approved the WPAP application, subject to the standard conditions and
special conditions set out in the written decision. (1) See id. § 213.4(a) (2009) (WPAP to be reviewed
and approved by executive director).

 On November 21, 2005, the City filed with the Commission a motion to overturn
the executive director's decision. See id. § 50.139(b) (2009) (requiring that motion to overturn be
filed within 23 days after date that notice of executive director's action is mailed). The City and
other affected persons who also filed motions to overturn submitted supplemental briefing to the
Commission, and one of the affected persons filed an affidavit that had not been in the record at the
time of the executive director's October 28 decision. On February 3, 2006, having considered the
written filings, oral argument, and responses to questions during a public meeting, the Commission
denied the City's motion to overturn as well as the other affected persons' motions.

 The City filed suit against the Commission on February 23, 2006, challenging the
approval of KBDJ's WPAP. On November 13, 2007, the district court entered judgment that the
Commission's decision be affirmed.

 The City appeals, (2) asserting that (1) the Commission did not have jurisdiction to
consider certain supplemental information filed by KBDJ, (2) the Commission failed to provide
affected persons with proper notification and opportunity to participate, and (3) certain conclusions
made in the October 28, 2005 decision were not supported by substantial evidence. In addition to
contesting the City's points on appeal, the Commission and KBDJ contend that the City failed
to timely seek judicial review of the Commission's decision and, therefore, the City's lawsuit
should be dismissed for want of jurisdiction. We will address this issue before proceeding to the
merits of the City's appeal. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443
(Tex. 1993) (considering matter of trial court's jurisdiction before reaching merits of case, as subject-matter jurisdiction is essential to authority of court to decide case).

Jurisdiction over the City's Lawsuit

 The Commission and KBDJ contend that the City's lawsuit is untimely. 
Section 5.351(a) of the Texas Water Code provides for judicial review of a ruling, order, decision,
or other act of the Commission. Tex. Water Code Ann. § 5.351(a) (West 2008). Section 5.351(b)
states: "A person affected by a ruling, order, or decision of the commission must file his
petition [for judicial review] within 30 days after the effective date of the ruling, order, or decision." 
Id. § 5.351(b). There is no dispute that the City did not file suit within 30 days after the
executive director's October 28, 2005 decision.

 Effective date of executive director's decision

 The City argues that it complied with the 30-day requirement based on the
executive director's decision not being "effective" until the Commission overruled the City's
motion to overturn. See id. (30-day period commences on decision's "effective date"). The City
filed its original petition in district court within 30 days of the Commission's February 3, 2006 order
denying the City's motion to overturn.

 This Court has held that a plaintiff's failure to comply with section 5.351(b)
deprives the trial court of jurisdiction over the plaintiff's petition for judicial review. See West
v. Texas Comm'n on Envtl. Quality, 260 S.W.3d 256, 263 (Tex. App.--Austin 2008, pet. denied). 
In West, this Court also held that the 30-day period commenced when the executive director signed
the relevant order. See id. at 260. (3) However, in so holding, this Court relied on section 50.135 of
the Commission's rules, see id., which provides that an approval of the Commission "is effective
when signed by the executive director," unless otherwise specified, see 30 Tex. Admin. Code
§ 50.135 (2009). (4) Chapter 50 of the rules applies generally to applications before the Commission. 
See id. §§ 50.102, .131 (2009). The executive director in this case was acting in accordance with
chapter 213 of the Commission's rules, which specifically pertains to "activities having the potential
for polluting the Edwards Aquifer." See id. § 213.1 (2009). There is no provision in chapter 213
that expressly provides for when the "effective date" of an executive director's action occurs, or that
expressly makes section 50.135 applicable.

 Although chapter 213 does not define a decision's effective date, chapter 213
indicates that the executive director's approval is the relevant action governing the applicant's
subsequent obligations and deadlines. Under these Edwards Aquifer rules, no person may begin
construction of any activity that has a regulated relationship with the Edwards Aquifer until the
person files the appropriate application and the executive director reviews and approves the
application. See id. §§ 213.4(a)(1), .23(a)(1) (2009). The City is correct that chapter 213 authorizes
an applicant or affected person to file a motion to overturn with the Commission. However,
such motion is subject to section 50.139(d), see id. §§ 213.1(3), .20(c) (2009), which states that
"[a]n action by the executive director . . . is not affected by a motion to overturn filed under this
section unless expressly ordered by the commission," id. § 50.139(d). It follows, then, that the
Commission's consideration of and ruling on a motion to overturn will not affect the effectiveness
of the executive director's decision unless so ordered by the Commission. In this case, the
Commission has not made any statement that could be construed to alter the effectiveness of the
executive director's decision.

 In addition, chapter 213 sets deadlines based on the executive director's action,
not based on any review and approval by the Commission. Chapter 213 provides that the
executive director's approval of an Edwards Aquifer plan "will expire two years after the date of
initial issuance," with the possibility of extensions. Id. §§ 213.4(h), 213.23(g). Conversely, there
are no compliance timelines in the Edwards Aquifer rules tied to the Commission's consideration
of a motion to overturn.

 The City contends that this case is similar to Greening v. Texas Water Commission,
No. 3-92-285-CV (Tex. App.--Austin Sept. 16, 1992, no writ) (not designated for publication). In
Greening, the Commission issued an order on August 9, the appellant filed a motion for rehearing
on August 20, the Commission denied the request for rehearing on September 18, and the appellant
filed his suit in district court on October 18. This Court held that the appellant satisfied water code
section 5.351 because he filed suit within 30 days of the date his motion for rehearing was overruled. 
The City argues that the same analysis applies here. However, in Greening, different administrative
rules applied, and those rules expressly stated both that a petition for judicial review could be
filed within 30 days after an order became "final" and that an order became final on the date the
motion for rehearing was overruled. Neither rule applies here. The absence of such rules operates
against the City. Where, as here, the applicable rules indicate that the executive director's decision
is effective upon its issuance, for this Court to hold that the filing of a motion to overturn postpones
that effective date would require that the rules so state, as was the case in Greening.

 The City also relies on the language of the executive director's October 28, 2005
decision, which provides that "KBDJ or a person affected may file with the chief clerk a motion
to overturn the Executive Director's final action on this Edwards Aquifer WPAP." According to the
City, this language directs recipients to take further action--file a motion to overturn--in order to
bring the administrative matter to conclusion. However, contrary to the City's reading, the cited
language does not direct the parties to extend the administrative process, and does not include any
assertion regarding a motion to overturn's impact on the decision's effectiveness. Rather, the
cited language merely informs the parties what administrative avenues remain available. It does not
speak at all to the availability of judicial review or the applicable deadline for seeking
judicial review. (5) The fact that an avenue for administrative review was open did not foreclose
judicial review also being available, and the fact that administrative review was sought did not
foreclose judicial review ceasing to be available. See Heat Energy Advanced Tech., Inc. v. West
Dallas Coalition for Envtl. Justice, 962 S.W.2d 288, 290-91 (Tex. App.--Austin 1998, pet. denied)
(recognizing that, depending on applicable statutes and rules, judicial-review timetable can expire
before administrative remedies have been exhausted). The language of the executive director's
decision neither addresses nor impacts the City's deadline for seeking judicial review.

 The City contends that because its first opportunity to comment upon supplemental
filings by KBDJ was during the motion to overturn process, the executive director's decision
could not have been effective prior to the Commission's consideration of the City's comments. 
However, the City does not allege that the executive director's acting absent the City's responsive
briefing was a violation of the applicable statutes and rules. Moreover, this Court has previously
observed that an agency's order may become effective prior to the final order entered in the
administrative process. See id. at 292-93. Given that the Commission refused to modify the
executive director's decision after its review of the subsequently filed documents, we decline to hold
that the filing of those documents was sufficient to postpone the decision's effectiveness, absent any
statute, rule, or declaration by the Commission to that effect. See 30 Tex. Admin. Code § 50.139(d).

 We hold that, when a decision is issued by the executive director under chapter 213
of the Commission's rules, section 5.351 of the water code requires a petition for judicial review
contesting that decision to be filed within 30 days of the date of issuance of that decision, unless
the Commission expressly stays the effective date of the decision. See Tex. Water Code Ann.
§ 5.351(b); 30 Tex. Admin. Code § 50.139(d); see also Public Util. Comm'n v. Gulf States
Utils. Co., 809 S.W.2d 201, 207 (Tex. 1991) (applying deference to agency's interpretation of its
own rules).

 Judicial review of denial of motion to overturn

 Next, the City argues that, even if the executive director's decision was effective
on the date it was issued, the City complied with water code section 5.351's 30-day requirement
because the decision for which the City seeks judicial review is the Commission's overruling the
City's motion to overturn.

 According to the City, because it is undisputed that the City filed suit within 30 days
of the Commission's denial of the motion to overturn, "this Court unquestionably has jurisdiction
over the City's appeal of the Commission's denial of the City's motion for reconsideration under
Texas Water Code § 5.351." However, the Texas Supreme Court has stated that administrative
orders are generally final and appealable if they impose an obligation, deny a right, or fix some
legal relationship as a consummation of the administrative process. See Texas-New Mexico Power
Co. v. Texas Indus. Energy Consumers, 806 S.W.2d 230, 232 (Tex. 1991) (quoting Sierra Club
v. United States Nuclear Regulatory Comm'n, 862 F.2d 222, 225 (9th Cir. 1988)).

 The Commission's denial of the motions to overturn does not establish any rights or
obligations. The substance of the Commission's denial, in its entirety, is as follows:

THEREFORE, BE IT DECIDED BY THE TEXAS COMMISSION ON
ENVIRONMENTAL QUALITY that: The Motion to Overturn filed by
Anne Ashmun; the Motion to Overturn filed by Neighbors Organized to Protect
the Environment and John Sikoski; and the Motion for Reconsideration filed by the
City of Austin have been DENIED.

The Commission's decision constitutes merely a refusal to overturn or otherwise modify the decision
that did establish KBDJ's rights and obligations. The executive director's decision consists of
nine pages, imposes nine special conditions and eighteen standard conditions, and provides that
KBDJ's WPAP is approved subject to those stated conditions. It is the conditions set forth in the
executive director's decision that the Commission will enforce and with which the Commission
will expect KBDJ to comply. See Star Houston, Inc. v. Texas Dep't of Transp., 957 S.W.2d 102,
105 (Tex. App.--Austin 1997, pet. denied) (final agency order is one with which agency expects
compliance). The denial of the motions to overturn does not fix the legal relationship between
the Commission and KBDJ, but rather, at most, declines to alter the manner in which the
executive director's decision fixed the legal relationship. See Rea v. State, No. 03-08-00491-CV,
2009 Tex. App. LEXIS 5463, at *9 (Tex. App.--Austin July 16, 2009, no pet. h.) ("In determining
whether an agency action is final, we do not look at the action separately, but to the agency
decision-making process as a whole."); Kinney County Groundwater Conservation Dist.
v. Boulware, 238 S.W.3d 452, 459-61 (Tex. App.--San Antonio 2007, no pet.) (agency's decision
on permit final and appealable; administrative remedies exhausted by filing motions for rehearing).

 The Commission's denial of the City's motion to overturn is not a final and
appealable order and, therefore, not a "ruling, order, decision, or other act of the commission"
subject to judicial review under section 5.351 of the water code. See Tex. Water Code Ann.
§ 5.351(a). Whether the City's petition for judicial review was filed within 30 days of such denial
is irrelevant to whether the petition was timely in accordance with water code section 5.351. See id.
§ 5.351(b).

Conclusion

 The executive director's decision approving KBDJ's water pollution abatement plan
was signed and issued on October 28, 2005. The Commission did not order that the effectiveness
of that decision be delayed. The City filed suit challenging the executive director's decision on
February 23, 2006. The City's lawsuit was not filed within 30 days of the executive director's
signing and issuance of the decision and, therefore, failed to comply with water code section 5.351. 
See id. Consequently, the district court was without jurisdiction over the City's suit. See Tex. Gov't
Code Ann. § 311.034 (West Supp. 2009) ("Statutory prerequisites to a suit . . . are jurisdictional
requirements in all suits against a governmental entity."). We vacate the district court's judgment
against the City and dismiss the City's suit for want of jurisdiction.



 __________________________________________

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Vacated and Dismissed for Want of Jurisdiction

Filed: December 31, 2009

1. The executive director had originally approved the WPAP application on June 22, 2004. 
However, certain affected parties (not including the City) filed suit in Travis County district court
challenging the decision. The district court on September 19, 2005, reversed the approval of
KBDJ's WPAP based on the lack of substantial evidence of the "80% reduction of the incremental
loading of total suspended solids" and "that there is no reasonable and practicable alternative to
sealing the [recharge] features." During the following month, KBDJ submitted supplemental filings
to the executive director, and the executive director concluded in his October 28, 2005 decision that
the supplemental filings sufficiently addressed those two issues.
2. The other affected persons who filed motions to overturn the executive director's
October 28, 2005 decision--Neighbors Organized to Protect the Environment, Inc. (an organization
of Hays County homeowners and landowners), John Sikoski (whose homestead is near the proposed
quarry pit), and Anne Ashmun (also an owner of nearby land)--also sought judicial review in
district court and were parties to this appeal. However, these appellants filed unopposed motions
to dismiss their appeals, which this Court has granted.
3. This Court issued its opinion in West v. Texas Commission on Environmental Quality,
260 S.W.3d 256 (Tex. App.--Austin 2008, pet. denied), on July 31, 2008, which was subsequent
to both the executive director's December 9, 2005 decision in that case and his October 28, 2005
decision in this case.
4. The primary issue in West was whether the appellant's application was a contested case,
in which case the Administrative Procedure Act (APA), not the water code, would govern
judicial review of the Commission's decision. See 260 S.W.3d at 260-62; see also generally
Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2008 & Supp. 2009) (APA). The City concedes that
this case is not a contested case and, therefore, that the water code governs, not the APA.
5. In West, this Court observed that "the Commission's notice does not fully explain the range
of options available to a person trying to protest an application pending before the Commission,
much less the impact of each available option." 260 S.W.3d at 262 n.7.