# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-07-00699-CV
---

The City of Austin, Appellant

v.

Texas Commission on Environmental Quality and KBDJ, L.P., Appellees

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. D-1-GN-05-004217, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**
---

## O P I N I O N

Appellant, the City of Austin, filed suit against the Texas Commission on Environmental Quality, challenging the Commission's approval of a water pollution abatement plan filed by KBDJ, L.P. relating to activities affecting the Edwards Aquifer. The district court entered judgment in favor of the Commission and KBDJ. We hold that the effective date of the Commission's decision was not tolled by the City's filing a motion to overturn and, therefore, the City failed to file suit within 30 days after the effective date of the Commission's decision as required by Texas Water Code section 5.351(b). Consequently, we vacate the district court's judgment against the City and dismiss the City's suit for want of jurisdiction.

*Factual and Procedural Background*

KBDJ proposed to construct a limestone quarry pit in Hays County within the recharge zone of the Edwards Aquifer. On December 1, 2003, KBDJ submitted an application to the Commission for approval of its water pollution abatement plan (WPAP). *See* 30 Tex. Admin. Code § 213.5(b) (2009) (required contents of WPAP). On October 28, 2005, the executive director of the Commission approved the WPAP application, subject to the standard conditions and special conditions set out in the written decision.[1] *See id.* § 213.4(a) (2009) (WPAP to be reviewed and approved by executive director).

On November 21, 2005, the City filed with the Commission a motion to overturn the executive director's decision. *See id.* § 50.139(b) (2009) (requiring that motion to overturn be filed within 23 days after date that notice of executive director's action is mailed). The City and other affected persons who also filed motions to overturn submitted supplemental briefing to the Commission, and one of the affected persons filed an affidavit that had not been in the record at the time of the executive director's October 28 decision. On February 3, 2006, having considered the written filings, oral argument, and responses to questions during a public meeting, the Commission denied the City's motion to overturn as well as the other affected persons' motions.

---

[1] The executive director had originally approved the WPAP application on June 22, 2004. However, certain affected parties (not including the City) filed suit in Travis County district court challenging the decision. The district court on September 19, 2005, reversed the approval of KBDJ's WPAP based on the lack of substantial evidence of the "80% reduction of the incremental loading of total suspended solids" and "that there is no reasonable and practicable alternative to sealing the [recharge] features." During the following month, KBDJ submitted supplemental filings to the executive director, and the executive director concluded in his October 28, 2005 decision that the supplemental filings sufficiently addressed those two issues.

2

The City filed suit against the Commission on February 23, 2006, challenging the approval of KBDJ's WPAP. On November 13, 2007, the district court entered judgment that the Commission's decision be affirmed.

The City appeals,[2] asserting that (1) the Commission did not have jurisdiction to consider certain supplemental information filed by KBDJ, (2) the Commission failed to provide affected persons with proper notification and opportunity to participate, and (3) certain conclusions made in the October 28, 2005 decision were not supported by substantial evidence. In addition to contesting the City's points on appeal, the Commission and KBDJ contend that the City failed to timely seek judicial review of the Commission's decision and, therefore, the City's lawsuit should be dismissed for want of jurisdiction. We will address this issue before proceeding to the merits of the City's appeal. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (considering matter of trial court's jurisdiction before reaching merits of case, as subject-matter jurisdiction is essential to authority of court to decide case).

### *Jurisdiction over the City's Lawsuit*

The Commission and KBDJ contend that the City's lawsuit is untimely. Section 5.351(a) of the Texas Water Code provides for judicial review of a ruling, order, decision, or other act of the Commission. Tex. Water Code Ann. § 5.351(a) (West 2008). Section 5.351(b)

---

[2] The other affected persons who filed motions to overturn the executive director's October 28, 2005 decision—Neighbors Organized to Protect the Environment, Inc. (an organization of Hays County homeowners and landowners), John Sikoski (whose homestead is near the proposed quarry pit), and Anne Ashmun (also an owner of nearby land)—also sought judicial review in district court and were parties to this appeal. However, these appellants filed unopposed motions to dismiss their appeals, which this Court has granted.

states: "A person affected by a ruling, order, or decision of the commission must file his petition [for judicial review] within 30 days after the effective date of the ruling, order, or decision." *Id.* § 5.351(b). There is no dispute that the City did not file suit within 30 days after the executive director's October 28, 2005 decision.

*Effective date of executive director's decision*

The City argues that it complied with the 30-day requirement based on the executive director's decision not being "effective" until the Commission overruled the City's motion to overturn. *See id.* (30-day period commences on decision's "effective date"). The City filed its original petition in district court within 30 days of the Commission's February 3, 2006 order denying the City's motion to overturn.

This Court has held that a plaintiff's failure to comply with section 5.351(b) deprives the trial court of jurisdiction over the plaintiff's petition for judicial review. *See West v. Texas Comm'n on Envtl. Quality*, 260 S.W.3d 256, 263 (Tex. App.—Austin 2008, pet. denied). In *West*, this Court also held that the 30-day period commenced when the executive director signed the relevant order. *See id.* at 260.[3] However, in so holding, this Court relied on section 50.135 of the Commission's rules, *see id.*, which provides that an approval of the Commission "is effective when signed by the executive director," unless otherwise specified, *see* 30 Tex. Admin. Code

---

[3] This Court issued its opinion in *West v. Texas Commission on Environmental Quality*, 260 S.W.3d 256 (Tex. App.—Austin 2008, pet. denied), on July 31, 2008, which was subsequent to both the executive director's December 9, 2005 decision in that case and his October 28, 2005 decision in this case.

4

§ 50.135 (2009).[4] Chapter 50 of the rules applies generally to applications before the Commission. *See id.* §§ 50.102, .131 (2009). The executive director in this case was acting in accordance with chapter 213 of the Commission's rules, which specifically pertains to "activities having the potential for polluting the Edwards Aquifer." *See id.* § 213.1 (2009). There is no provision in chapter 213 that expressly provides for when the "effective date" of an executive director's action occurs, or that expressly makes section 50.135 applicable.

Although chapter 213 does not define a decision's effective date, chapter 213 indicates that the executive director's approval is the relevant action governing the applicant's subsequent obligations and deadlines. Under these Edwards Aquifer rules, no person may begin construction of any activity that has a regulated relationship with the Edwards Aquifer until the person files the appropriate application and the executive director reviews and approves the application. *See id.* §§ 213.4(a)(1), .23(a)(1) (2009). The City is correct that chapter 213 authorizes an applicant or affected person to file a motion to overturn with the Commission. However, such motion is subject to section 50.139(d), *see id.* §§ 213.1(3), .20(c) (2009), which states that "[a]n action by the executive director . . . is not affected by a motion to overturn filed under this section unless expressly ordered by the commission," *id.* § 50.139(d). It follows, then, that the Commission's consideration of and ruling on a motion to overturn will not affect the effectiveness of the executive director's decision unless so ordered by the Commission. In this case, the

---

[4] The primary issue in *West* was whether the appellant's application was a contested case, in which case the Administrative Procedure Act (APA), not the water code, would govern judicial review of the Commission's decision. *See* 260 S.W.3d at 260-62; *see also generally* Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2008 & Supp. 2009) (APA). The City concedes that this case is not a contested case and, therefore, that the water code governs, not the APA.

Commission has not made any statement that could be construed to alter the effectiveness of the executive director's decision.

In addition, chapter 213 sets deadlines based on the executive director's action, not based on any review and approval by the Commission. Chapter 213 provides that the executive director's approval of an Edwards Aquifer plan "will expire two years after the date of initial issuance," with the possibility of extensions. *Id.* §§ 213.4(h), 213.23(g). Conversely, there are no compliance timelines in the Edwards Aquifer rules tied to the Commission's consideration of a motion to overturn.

The City contends that this case is similar to *Greening v. Texas Water Commission*, No. 3-92-285-CV (Tex. App.—Austin Sept. 16, 1992, no writ) (not designated for publication). In *Greening*, the Commission issued an order on August 9, the appellant filed a motion for rehearing on August 20, the Commission denied the request for rehearing on September 18, and the appellant filed his suit in district court on October 18. This Court held that the appellant satisfied water code section 5.351 because he filed suit within 30 days of the date his motion for rehearing was overruled. The City argues that the same analysis applies here. However, in *Greening*, different administrative rules applied, and those rules expressly stated both that a petition for judicial review could be filed within 30 days after an order became "final" and that an order became final on the date the motion for rehearing was overruled. Neither rule applies here. The absence of such rules operates against the City. Where, as here, the applicable rules indicate that the executive director's decision is effective upon its issuance, for this Court to hold that the filing of a motion to overturn postpones that effective date would require that the rules so state, as was the case in *Greening*.

6

The City also relies on the language of the executive director's October 28, 2005 decision, which provides that "KBDJ or a person affected may file with the chief clerk a motion to overturn the Executive Director's final action on this Edwards Aquifer WPAP." According to the City, this language directs recipients to take further action—file a motion to overturn—in order to bring the administrative matter to conclusion. However, contrary to the City's reading, the cited language does not direct the parties to extend the administrative process, and does not include any assertion regarding a motion to overturn's impact on the decision's effectiveness. Rather, the cited language merely informs the parties what administrative avenues remain available. It does not speak at all to the availability of judicial review or the applicable deadline for seeking judicial review.[5] The fact that an avenue for administrative review was open did not foreclose judicial review also being available, and the fact that administrative review was sought did not foreclose judicial review ceasing to be available. *See Heat Energy Advanced Tech., Inc. v. West Dallas Coalition for Envtl. Justice*, 962 S.W.2d 288, 290-91 (Tex. App.—Austin 1998, pet. denied) (recognizing that, depending on applicable statutes and rules, judicial-review timetable can expire before administrative remedies have been exhausted). The language of the executive director's decision neither addresses nor impacts the City's deadline for seeking judicial review.

The City contends that because its first opportunity to comment upon supplemental filings by KBDJ was during the motion to overturn process, the executive director's decision could not have been effective prior to the Commission's consideration of the City's comments.

---

[5] In *West*, this Court observed that "the Commission's notice does not fully explain the range of options available to a person trying to protest an application pending before the Commission, much less the impact of each available option." 260 S.W.3d at 262 n.7.

7

However, the City does not allege that the executive director's acting absent the City's responsive briefing was a violation of the applicable statutes and rules. Moreover, this Court has previously observed that an agency's order may become effective prior to the final order entered in the administrative process. *See id.* at 292-93. Given that the Commission refused to modify the executive director's decision after its review of the subsequently filed documents, we decline to hold that the filing of those documents was sufficient to postpone the decision's effectiveness, absent any statute, rule, or declaration by the Commission to that effect. *See* 30 Tex. Admin. Code § 50.139(d).

We hold that, when a decision is issued by the executive director under chapter 213 of the Commission's rules, section 5.351 of the water code requires a petition for judicial review contesting that decision to be filed within 30 days of the date of issuance of that decision, unless the Commission expressly stays the effective date of the decision. *See* Tex. Water Code Ann. § 5.351(b); 30 Tex. Admin. Code § 50.139(d); *see also Public Util. Comm'n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991) (applying deference to agency's interpretation of its own rules).

*Judicial review of denial of motion to overturn*

Next, the City argues that, even if the executive director's decision was effective on the date it was issued, the City complied with water code section 5.351's 30-day requirement because the decision for which the City seeks judicial review is the Commission's overruling the City's motion to overturn.

According to the City, because it is undisputed that the City filed suit within 30 days of the Commission's denial of the motion to overturn, "this Court unquestionably has jurisdiction

8

over the City's appeal of the Commission's denial of the City's motion for reconsideration under Texas Water Code § 5.351." However, the Texas Supreme Court has stated that administrative orders are generally final *and appealable* if they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process. *See Texas-New Mexico Power Co. v. Texas Indus. Energy Consumers*, 806 S.W.2d 230, 232 (Tex. 1991) (quoting *Sierra Club v. United States Nuclear Regulatory Comm'n*, 862 F.2d 222, 225 (9th Cir. 1988)).

The Commission's denial of the motions to overturn does not establish any rights or obligations. The substance of the Commission's denial, in its entirety, is as follows:

> THEREFORE, BE IT DECIDED BY THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY that: The Motion to Overturn filed by Anne Ashmun; the Motion to Overturn filed by Neighbors Organized to Protect the Environment and John Sikoski; and the Motion for Reconsideration filed by the City of Austin have been DENIED.

The Commission's decision constitutes merely a refusal to overturn or otherwise modify the decision that *did* establish KBDJ's rights and obligations. The executive director's decision consists of nine pages, imposes nine special conditions and eighteen standard conditions, and provides that KBDJ's WPAP is approved subject to those stated conditions. It is the conditions set forth in the executive director's decision that the Commission will enforce and with which the Commission will expect KBDJ to comply. *See Star Houston, Inc. v. Texas Dep't of Transp.*, 957 S.W.2d 102, 105 (Tex. App.—Austin 1997, pet. denied) (final agency order is one with which agency expects compliance). The denial of the motions to overturn does not fix the legal relationship between the Commission and KBDJ, but rather, at most, declines to alter the manner in which the

9

executive director's decision fixed the legal relationship. *See Rea v. State*, No. 03-08-00491-CV, 2009 Tex. App. LEXIS 5463, at *9 (Tex. App.—Austin July 16, 2009, no pet. h.) ("In determining whether an agency action is final, we do not look at the action separately, but to the agency decision-making process as a whole."); *Kinney County Groundwater Conservation Dist. v. Boulware*, 238 S.W.3d 452, 459-61 (Tex. App.—San Antonio 2007, no pet.) (agency's decision on permit final and appealable; administrative remedies exhausted by filing motions for rehearing).

The Commission's denial of the City's motion to overturn is not a final and appealable order and, therefore, not a "ruling, order, decision, or other act of the commission" subject to judicial review under section 5.351 of the water code. *See* Tex. Water Code Ann. § 5.351(a). Whether the City's petition for judicial review was filed within 30 days of such denial is irrelevant to whether the petition was timely in accordance with water code section 5.351. *See id.* § 5.351(b).

### Conclusion

The executive director's decision approving KBDJ's water pollution abatement plan was signed and issued on October 28, 2005. The Commission did not order that the effectiveness of that decision be delayed. The City filed suit challenging the executive director's decision on February 23, 2006. The City's lawsuit was not filed within 30 days of the executive director's signing and issuance of the decision and, therefore, failed to comply with water code section 5.351.

*See id.*  Consequently, the district court was without jurisdiction over the City's suit.  *See* Tex. Gov't Code Ann. § 311.034 (West Supp. 2009) ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity.").  We vacate the district court's judgment against the City and dismiss the City's suit for want of jurisdiction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Vacated and Dismissed for Want of Jurisdiction

Filed:   December 31, 2009

11