# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00758-CV

**Randal A. Hendricks, Trustee, Appellant**

**v.**

**Texas Commission on Environmental Quality and
Harris County Fresh Water Supply District No. 61, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-10-001331, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Randal A. Hendricks, Trustee, appeals a district court judgment dismissing, for want of subject-matter jurisdiction, his suit for judicial review challenging an order of the Texas Commission on Environmental Quality ("the Commission") approving the issuance of bonds by the Harris County Fresh Water Supply District No. 61 ("the District"). The district court dismissed Hendricks's suit on pleas to the jurisdiction asserting that Hendricks had failed to comply with the statutory prerequisite of filing his petition for judicial review within thirty days after the "effective date" of the challenged order. *See* Tex. Water Code Ann. § 5.351(a), (b) (West Supp. 2010). Although it is undisputed that Hendricks did not file his petition within thirty days after the Commission issued the order through its executive director—the date on which the order is made effective under the Commission's rules—Hendricks argues that his petition was nonetheless timely because he filed it within thirty days after his motion to the Commission

to overturn the decision was overruled by operation of law. Because Hendricks's arguments are squarely contrary to this Court's controlling precedents, and he does not persuade us that these decisions either can be distinguished or should be revisited, we will affirm the district court's judgment of dismissal.

The underlying administrative proceeding concerns a March 2009 application by the District for Commission approval, under section 49.181 of the water code, of the District's issuance of $8,630,000 in bonds to finance certain engineering projects. *See id.* § 49.181(a) (West 2008) (entity such as District "may not issue bonds unless the commission determines that the project to be financed by the bonds is feasible and issues an order approving the issuance of the bonds"). The proposed project payments included reimbursements to various developers, including Hendricks, for facilities they had constructed for the District's use. The Commission has delegated its authority to act on such applications to its executive director. *See id.* § 5.122(a) (West Supp. 2010); 30 Tex. Admin. Code § 50.131(a), (b)(5) (2011) (Tex. Comm'n on Envtl. Quality, Purpose and Applicability). Ultimately, on February 9, 2010, the executive director issued an order approving the projects and bond issue. Insisting that the order should have included additional language requiring the District to pay him reimbursement upon his tendering conveyance documents for certain facilities,[1] Hendricks filed a March 5, 2010 motion to overturn the executive director's decision. *See* Tex. Water Code Ann. § 5.122(b) (West Supp. 2010) (authorizing

---

[1] The parties indicate that Hendricks and the District have been embroiled in a larger dispute concerning Hendricks's entitlement to reimbursement for expenditures he incurred in purchasing and constructing certain facilities for the District. A detailed history of this dispute is unnecessary to resolve the immediate issues before us.

2

appeal of executive director's decision to Commission); 30 Tex. Admin. Code § 50.139 (2011) (Tex. Comm'n on Envtl. Quality, Motion to Overturn Exec. Dir's. Decision) (authorizing persons to file with Commission motion to overturn "the executive director's action on an application"). The Commission took no action on the motion and it was overruled by operation of law on March 29, 2010. *See* 30 Tex. Admin. Code § 50.139(f)(1) ("Unless an extension of time is granted, if a motion to overturn is not acted on by the commission within 45 days after the date the agency mails notice of the signed permit, approval, or other action of the executive director, the motion is denied").

Subsequently, on April 27, 2010, Hendricks filed suit for judicial review of the Commission's order. His suit was predicated on section 5.351 of the water code, which authorizes a "person affected by a ruling, order, decision, or other act of the commission" to obtain judicial review of the order, decision, or act by filing a petition for review "within 30 days after the effective date of the ruling, order, or decision." *See* Tex. Water Code Ann. § 5.351(a), (b). Both the Commission and the District asserted pleas to the jurisdiction arguing that Hendricks had failed to file his petition within 30 days after the order's "effective date"—February 9, 2010, when the executive director signed the order. Because Hendricks did not file his petition until April 27, 2010—over seventy-five days later—the Commission and the District reasoned that Hendricks failed to comply with this statutory prerequisite for suit. The district court granted both pleas and dismissed Hendricks's suit. Hendricks appeals.

In a single issue on appeal, Hendricks urges that the district court erred in dismissing his suit because he filed it less than thirty days after March 29, 2010, the date his motion to overturn

the February 9, 2010 order was overruled by operation of law.[2]  In Hendricks's view, the date his

motion to overturn was overruled is properly the "effective date" of the February 9, 2010 order.  Our

resolution of that question turns on construction of water code section 5.351, which presents a

question of law that we review de novo, *see State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)

(statutory construction presents question of law that we review de novo), as does the ultimate

determination of whether the district court had subject-matter jurisdiction over Hendricks's suit,

*see Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (whether court

has subject-matter jurisdiction is question of law).

The Commission's rules explicitly provide that the February 9, 2010 order signed

by the executive director was effective on that day.  *See* 30 Tex. Admin. Code § 50.135 (2011)

(Tex. Comm'n on Envtl. Quality, Effective Date of Exec. Dir. Action) ("[a] permit or other approval

is effective when signed by the executive director, unless otherwise specified in the permit").[3]

Hendricks urges that the provision must be read in conjunction with statutes and rules requiring

him to exhaust administrative remedies, including filing a motion to overturn, in order to seek

judicial review from the Commission's February 9, 2010 order.  *See* Tex. Water Code Ann.

---

[2]  Hendricks took the position before the district court that he intended to sue only the Commission and that the District was not properly a party.  On appeal, Hendricks has similarly purported to name only the Commission as appellee.  However, the judgment below granted pleas to the jurisdiction filed by both the Commission and the District, and both defendants have filed briefs on appeal.  Regardless of whether the District is properly a party to this appeal or the district-court proceedings, it remains, as we explain below, that the district court lacked subject-matter jurisdiction over Hendricks's suit.  *See University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004) (courts, including appellate courts, may determine subject-matter jurisdiction sua sponte and at any time); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993) (same).

[3]  There is no contention that the February 9, 2010 order specified a different effective date.

4

§ 5.122(b) (person affected by executive director's action may appeal to commission unless action regards federal operating permit or unless commission rule specifies action is final and appealable decision); 30 Tex. Admin. Code § 50.139. In Hendricks's view, those rules contemplate a specific sequence—exhaustion of administrative remedies, including the Commission's denial of a motion to overturn, precedes judicial review, such that an order is not "effective" until exhaustion is complete. This Court has previously held squarely to the contrary. Relying in part on subsection (d) of section 50.139 of administrative code title 30, which states that an action by the executive director is not affected by a motion to overturn, we have concluded that filing a motion to overturn does not change the effective date of an order and, therefore, does not serve to extend the deadline for filing a petition for judicial review under water code section 5.351. *City of Austin v. Texas Comm'n on Envtl. Quality*, 303 S.W.3d 379, 382-84 (Tex. App.—Austin 2009, no pet.); *West v. Texas Comm'n on Envtl. Quality*, 260 S.W.3d 256, 263 n.8 (Tex. App.—Austin 2008, pet. denied); *see* 30 Tex. Admin. Code § 50.139(d) ("An action by the executive director under this subchapter is not affected by a motion to overturn filed under this section unless expressly ordered by the commission."); *see also Texas Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 96-97 (Tex. App.—Austin 2009, pet. denied) ("nothing in the statute or rules makes the TCEQ's notice of its decision on a motion to overturn a triggering event for seeking judicial review"); *Heat Energy Advanced Tech., Inc. v. West Dallas Coal. for Envtl. Justice*, 962 S.W.2d 288, 293 (Tex. App.—Austin 1998, pet. denied) (noting that to preserve right to judicial review, appellee had to file petition before Commission ruled on motion for rehearing).

Hendricks urges us to revisit *West* and *City of Austin*, insisting that they contradict "applicable statutes and TCEQ rules" compelling exhaustion of administrative remedies—which, in his view, contemplate that exhaustion must be completed before judicial review must be sought. Hendricks seeks support in subsection (g) of section 50.139 of administrative code title 30, urging that this Court's precedents have overlooked that provision and that the provision demonstrates the Commission's intent that suits for judicial review be filed "only after its internal process has been exhausted, i.e. through filing and obtaining a ruling on a motion to overturn." Section 50.139, subsection (g) states, in pertinent part:

> When a motion to overturn is denied under subsection (f) of this section, a motion for rehearing does not need to be filed as a prerequisite for appeal. . . . If applicable, the commission decision may be subject to judicial review under Texas Water Code, §5.351, or Texas Health and Safety Code, §§361.321, 382.032, or 401.341.

30 Tex. Admin. Code § 50.139(g). In contrast, the Commission construes subsection (g) merely to acknowledge that judicial review may be also available for the commission decision that was the subject of the motion to overturn, not as stating or implying any sort of sequential relationship between the two remedies. We defer to an agency's construction of its own rules that is reasonable and not inconsistent with the rule's text, *see Vista Healthcare, Inc. v. Texas Mut. Ins. Co.*, 324 S.W.3d 264, 272 (Tex. App.—Austin 2010, pet. denied), and we conclude that the Commission's construction of subsection (g)—especially in the context of other rules providing that the order was effective upon the executive director's signature and not affected by the motion to overturn—meets this standard. Consequently, we give it deference and follow our reasoning in *City of Austin* that "[t]he fact that an avenue for administrative review was open did not foreclose

6

judicial review from being available, and the fact that administrative review was sought did not foreclose judicial review from ceasing to be available." 303 S.W.3d at 384.

Hendricks also argues more narrowly that even if *City of Austin* and *West* were correctly decided, their reasoning does not extend to the Commission's bond-approval orders. He emphasizes that the water code requires that the Attorney General approve the District's bonds before they are delivered to purchasers. *See* Tex. Water Code Ann. § 49.184 (West 2008) ("[b]efore bonds issued by a district are delivered to the purchasers, a certified copy of all proceedings relating to organization of the district for first bond issues and issuance of the bonds and other relevant information shall be sent to the attorney general," who "shall carefully examine the bonds, with regard to the record and the constitution and laws of this state governing the issuance of bonds, and . . . officially approve and certify the bonds if he or she finds that they conform to the record and the constitution and laws of this state and are valid and binding obligations of the district"). Hendricks further observes that in a November 2002 letter addressed to "All Bond Counsel," the Office of the Attorney General has required applicants seeking approval of bond orders to wait to submit applications until after the deadline for filing motions to overturn has passed and to include a certification that no motion to overturn is pending. Therefore, Hendricks deduces, the Commission's bond orders are not "effective" until they are "clear of any possibility of being overturned by the TCEQ Commissioners." We are unpersuaded that the Attorney General's administrative requirements relating to his certification of bonds impacts our analysis of when the Commission's approval of a bond issue becomes "effective" for purposes of water code

7

section 5.115.[4] That issue, again, is controlled by the Commission's rule explicitly providing that "a permit or other approval is effective when signed by the executive director," 30 Tex. Admin. Code § 50.135, and this Court's precedents. *City of Austin*, 303 S.W.3d at 382-84; *West*, 260 S.W.3d at 263 n.8.

Finally, Hendricks insists that even if he failed to timely file his petition for review of the February 9, 2010 order, per se, he has achieved the same substantive effect by filing his suit within thirty days after the Commission's denial of his motion to overturn. As with Hendricks's argument concerning the "effective date" of the order, this Court has previously rejected similar contentions. *See City of Austin*, 303 S.W.3d at 384-85. As we held in *City of Austin*, the denial of a motion to overturn does not establish any rights or obligations, but merely constitutes a refusal to overturn or modify the order that did establish rights and obligations. *See id.* at 385. Consequently, the denial is not an independently reviewable decision. *See id.* In short, to obtain judicial review of the February 9, 2010 order, Hendricks was required to file his petition within thirty days after that date; he failed to do so, and he can not salvage his waived complaints in the guise of seeking judicial review from the denial of his motion to overturn. *See id.*

---

[4] To be clear, Hendricks does not argue that the Commission's order becomes "effective" only after the bonds are certified by the Attorney General. This is understandable, because such an argument would imply that a Commission's order approving a bond issue would never be subject to judicial review. This is because once the Attorney General approves the bonds, the comptroller "shall register" them, and once they are approved and registered, "they shall be incontestable in any court or other forum, for any reason . . . ." Tex. Water Code Ann. § 49.184(c), (d) (West 2008). Hendricks's argument is merely that the Attorney General's procedures for certifying bonds, which apparently await the Commission's final disposition of motions to overturn, should inform our analysis of when the Commission's order approving the bond issue is "effective" for purposes of section 5.351.

By failing to comply with the statutory prerequisite of filing his petition for review within thirty days after the "effective date" of the Commission's February 9, 2010 order, Hendricks failed to invoke the district court's subject-matter jurisdiction under water code section 5.351, and the district court did not err in dismissing his suit for want of subject-matter jurisdiction. We overrule Hendricks's issue and affirm the district court's judgment of dismissal.[5]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   June 15, 2011

---

[5] On April 20, 2011, the District filed a motion to expedite consideration of this appeal. We dismiss the District's motion as moot.