# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00625-CV

Texas Commission on Environmental Quality and
Waste Control Specialists LLC, Appellants

v.

Sierra Club, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-12-001586, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants the Texas Commission on Environmental Quality (TCEQ) and Waste Control Specialists, LLC (WCS) appeal from the district court's denial of their pleas to the jurisdiction. Based on our conclusion that the district court lacked jurisdiction over appellee Sierra Club's claims, which sought judicial review of a TCEQ letter informing WCS that it could begin waste operations under the terms of its license, we reverse the district court's order denying the pleas to the jurisdiction and render judgment dismissing Sierra Club's suit for lack of jurisdiction.

## Background

WCS is a waste-control company specializing in the treatment, storage, and disposal of radioactive, hazardous, and mixed waste. WCS holds various permits and licenses that allow it

to dispose of and process waste at a 36-acre waste-disposal facility in Andrews County, Texas, that itself is located within a larger 14,900-acre tract owned by WCS. In August 2004, WCS filed an application with TCEQ for a license to construct and operate on its 36-acre site two additional facilities for the disposal of low-level radioactive waste.

During the TCEQ administrative proceedings regarding WCS's application, Sierra Club submitted a formal request for a contested-case hearing. At a January 2009 hearing, the TCEQ commissioners denied Sierra Club's hearing request and granted License R04100 to WCS. Sierra Club filed a motion for rehearing that was subsequently overruled by operation of law. The license was signed by the Executive Director and became effective on September 10, 2009.

Sierra Club has filed five separate lawsuits regarding TCEQ's issuance of License R04100, but only the fifth of these is the subject of this appeal. The first two suits, ultimately consolidated, sought judicial review of TCEQ's January 20, 2009 order granting License R04100 and denying Sierra Club's hearing request. These two consolidated cases are currently on appeal to this Court in Cause No. 03-12-00335-CV. Sierra Club's third and fourth lawsuits also challenged TCEQ's decision to grant License R04100, but they were filed in connection with the license's September 10, 2009 effective date rather than the January 20, 2009 order. The record before us suggests that these third and fourth cases remain pending before the district court.

In its fifth case—at issue here——Sierra Club seeks judicial review not of the January 20, 2009 order granting the license or of other related TCEQ actions, but of the following

2

April 25, 2012 letter from TCEQ to WCS that, Sierra Club maintains, was the final authorization allowing WCS to begin accepting waste at its Andrews County facility:

> In accordance with License Condition 41 of Radioactive Material License 4100, the Executive Director staff, in coordination with its consultants, has inspected the constructed Low Level Radioactive Waste Disposal Facility and found it to be in conformance with the description, design, and construction requirements. Other requirements of License Condition 41 relating to ownership and financial assurance have already been met. Additionally, in accordance with License Condition 83, the Executive Director staff has reviewed WCS'[s] final geotechnical report and as-built construction drawings of the facility, which were certified by a registered professional engineer licensed in the State of Texas. The Executive Director staff has also reviewed information submitted under License Conditions 66 and 75. In addition to these License Conditions, other applicable submittals and approvals relating to receipt and acceptance of low-level radioactive waste, such as waste acceptance, safety and inspection procedures have also been processed.

> Accordingly, the Licensee may accept waste and begin waste disposal activity as authorized by its amended license R04100 and subject to applicable rules and statutes. Please be aware, however, that Executive Director staff is closely monitoring activities associated with wells OAG-21, OAG-22, OW-1, and OW-2. It is important to ensure that saturated conditions do not e[]xist within 100 feet of the disposed waste. In accordance with the license, prior agency approval is required for any future expansion of the currently constructed disposal unit.

In its petition to the district court, Sierra Club described this letter as TCEQ's "waste-acceptance-authorization decision" and challenged it on several grounds, including arguments that the letter allows waste acceptance despite the fact that WCS has not complied with license terms; that it improperly and illegally modifies License R04100 provisions regarding saturated conditions; and that it was issued without proper notice to Sierra Club.

Both TCEQ and WCS filed pleas to the jurisdiction in response to Sierra Club's petition, arguing that the district court lacked subject-matter jurisdiction over Sierra Club's fifth case.

3

The district court denied TCEQ's and WCS's pleas to the jurisdiction, and it is from this denial that TCEQ and WCS appeal here.

**Analysis**

WCS and TCEQ challenge the district court's denial of their pleas to the jurisdiction in three issues: (1) the district court lacked subject-matter jurisdiction over Sierra Club's case because the TCEQ letter is not a final order subject to review under Water Code section 5.351; (2) the pending appeal of TCEQ's January 20, 2009 order gave this Court exclusive jurisdiction over the entire controversy involving License R04100, thus depriving the district court of jurisdiction over any matters related to the license; and (3) Sierra Club's failure to exhaust its administrative remedies deprived the district court of jurisdiction over this matter.

A plea to the jurisdiction challenges a trial court's authority to determine the subject matter of the cause of action. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). The plaintiff bears the burden of alleging facts that affirmatively show that the trial court has subject-matter jurisdiction. *Id.* Subject-matter jurisdiction is a legal question and, as such, we review a plea to the jurisdiction under a de novo standard of review. *See Texas Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

In their first issue on appeal, TCEQ and WCS argue that the district court lacked jurisdiction over Sierra Club's suit because the TCEQ letter that Sierra Club challenges is not a final and appealable act subject to judicial review under the Water Code. We agree. Section 5.351 of the Water Code provides that "[a] person affected by a ruling, order, decision, or other act of the commission may file a petition to review, modify, or suspend the act of the commission."

4

Tex. Water Code § 5.351. Sierra Club argues that the plain text of section 5.351 provides a broad grant of jurisdiction over not only final TCEQ orders or decisions, but also of any "other act" of TCEQ. *See id*. As support for this argument, Sierra Club contrasts Water Code section 5.351's broad language—i.e., "other acts," *see id.*—with the limited jurisdiction provided by section 2001.171 of the Texas Administrative Procedure Act (APA), which grants jurisdiction only over a "final decision in a contested case." *See* Tex. Gov't Code § 2001.171. Sierra Club argues that this difference shows that the Legislature intended section 5.351 to be a broader grant of jurisdiction than that of the APA. We disagree.

Although section 5.351 might be construed more broadly, as Sierra Club urges us to do, its grant of jurisdiction must be considered in the context of the long-established principle that only final orders of an agency are subject to judicial review *See, e.g.*, *Sproles Motor Freight Line v. Smith*, 130 S.W.2d 1087, 1088 (Tex. Civ. App.—Austin 1939, writ ref'd) (noting *settled* proposition that only final orders of agency are appealable); *see also Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it."). Accordingly, Texas courts have construed statutes virtually identical to that of Water Code section 5.351 consistent with that limitation—i.e., only final agency orders are appealable. *See, e.g.*, *Sun Oil Company v. Railroad Commission*, 311 S.W.2d 235, 236 (Tex. 1958) (citing *Sproles*, 130 S.W.2d at 1088, to support holding that grant of jurisdiction over "any decision, rate, charge, rule, order, act, or regulation" of agency applies only to that agency's "final" orders because the language is "undoubtedly not intended to be free of all limitation"); *Payne v. Texas Water Quality Bd.*, 483 S.W.2d 63, 64

(Tex. App.—Dallas 1972, no writ) (citing *Sun Oil* and *Sproles* as support for holding that grant of jurisdiction to "person affected by any ruling, order, decision, or other act" was limited to "final actions of an administrative agency" because Legislature "did not intend for the language used to have th[e] meaning" that anything the agency did or did not do was subject to judicial review). Likewise, the Texas Supreme Court has held that Water Code section 5.351 only waives governmental immunity for administrative actions or inactions of a regulatory nature. *See IT–Davy*, 74 S.W.3d at 858 (holding that section 5.351 does not waive governmental immunity for breach-of-contract claims). And this Court has held further that only a "final and appealable [administrative] order" is a "ruling, order, decision, or other act of the commission subject to judicial review under section 5.351" of the Water Code. *City of Austin v. Texas Comm'n on Envtl. Quality*, 303 S.W.3d 379, 385 (Tex. App.—Austin 2009, no pet.) (internal quotes omitted); *see also Texas Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 95 (Tex. App.—Austin 2009, pet. denied) (holding that TCEQ decision that application was incomplete was, under the particular facts of the case, a final decision affecting the applicant). Thus, whether the district court had subject-matter jurisdiction over Sierra Club's suit depends initially on whether the April 25, 2012 letter from TCEQ was a final and appealable order of that agency. *See id.*

Initially, we would note that we are not aware of any Texas case finding an agency letter of the type at issue here to be a "final and appealable" administrative order subject to judicial review. This is undoubtedly because administrative orders are considered "final and appealable if they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process." *Id.* (citing *Texas–New Mexico Power Co. v. Texas Indus. Energy*

6

*Consumers*, 806 S.W.2d 230, 232 (Tex. 1991) (quoting *Sierra Club v. United States Nuclear Regulatory Comm'n*, 862 F.2d 222, 225 (9th Cir. 1988))). Sierra Club asserts that the TCEQ letter is a significant decision or act by TCEQ because it officially authorized WCS to accept waste at its Andrews County facility. But TCEQ's letter to WCS has none of the hallmarks of a final agency act or decision. It does not impose an obligation on WCS, deny a right, or fix some legal relationship. *See id.* Instead, the letter is merely informative—TCEQ staff explains to WCS that, pursuant to the terms of WCS's license, TCEQ staff has inspected the facility and found that it conforms to the requirements of the previously-issued license. The letter references other license requirements that have been met and other related materials that TCEQ staff has reviewed in connection with the license. It then states that, based on these events, WCS "may accept waste and begin waste disposal activity *as authorized by its amended license R04100 and subject to applicable rules and statutes*." (Emphasis added.) In sum, TCEQ's letter is nothing more than a status update regarding license requirements and milestones. At most, it is a notification of TCEQ's belief that WCS has met certain of the requirements of its previously-issued license and can now accept waste under the license. Further, it is entirely dependent on and driven by the terms of WCS's license. By contrast, License R04100 imposes obligations on WCS and fixes the legal relationship between WCS and the State. As such, whether WCS is authorized to accept waste does not depend on the existence of TCEQ's letter, but rather on the terms of License R04100 itself.

Accordingly, the TCEQ letter at issue here is not an agency action or inaction that is reviewable under Water Code section 5.351. *See id.* Therefore, the district court lacked jurisdiction over Sierra Club's case. *See Miranda*, 133 S.W.3d at 224 ("In Texas, sovereign immunity deprives

7

a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit."). We sustain WCS's and TCEQ's first issue on appeal. Having done so, we need not address their remaining issues.

**Conclusion**

Having held that the district court lacked jurisdiction over Sierra Club's suit, we reverse the district court's order denying TCEQ's and WCS's pleas to the jurisdiction and render judgment dismissing Sierra Club's action for lack of jurisdiction.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton, and Rose

Reversed and Rendered

Filed: March 7, 2014