# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00851-CV

Harvey Lee Kunze, Appellant

v.

Texas Commission on Environmental Quality and City of La Coste, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-10-002018, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The City of La Coste filed an application with the Texas Commission on Environmental Quality seeking to renew its Texas Pollutant Discharge Elimination System Permit (a "wastewater permit" or "wastewater discharge permit"). Several months later, the Commission's executive director renewed the permit. Thirty days later, appellant Harvey Lee Kunze filed a petition for judicial review of the renewal decision.[1] The Commission and the City filed separate pleas to the jurisdiction, both asserting (1) that Kunze was not owed personal notification of the renewal application proceeding, and (2) that Kunze had not exhausted any administrative remedies and thus was barred from seeking judicial review. The trial court held a hearing and signed an order granting the pleas and dismissing Kunze's suit for judicial review. We affirm the trial court's order.

---

[1] Kunze's suit for judicial review was filed against the Commission, and the City intervened in early December 2010.

**Permitting Framework**

The Commission has the statutory authority to issue wastewater discharge permits. *See generally* Tex. Water Code §§ 5.101-.135 (Commission's general powers and duties), 5.551-.558 (permitting procedures), 26.011-.053 (general powers and duties related to water quality control).[2] The Commission has delegated to the executive director the authority to act on an application to renew a wastewater permit when: public notice requirements have been satisfied, the executive director has considered and responded to public comments, the application meets statutory and administrative requirements, the application does not require interpretation of Commission policy, the executive director's staff does not raise objections, and the application is considered uncontested. 30 Tex. Admin. Code § 50.133(a) (Executive Director Action on Application or WQMP Update).

When an application is filed, the Commission is to give notice of the application "to any person who may be affected by the granting of the permit or license."[3] Tex. Water Code §§ 5.115(b), 26.028(a) (notice of application for permit that will affect water quality "shall be given to the persons who in the judgment of the [C]ommission may be affected by the application"). The rules related to public notice provide that the Commission shall mail notice to "landowners named

---

[2] Statute and rule citations are to those in effect in 2009, when the City filed its application. All citations to the Texas Administrative Code are to Title 30, "Environmental Quality," Part I, "Texas Commission on Environmental Quality."

[3] An "affected person" is someone with a "personal justiciable interest related to a legal right, duty, privilege, power, or economic interest affected by the application," and an interest "common to members of the general public" does not suffice. 30 Tex. Admin. Code § 55.103 (Definitions). In determining whether someone is an affected person, the Commission should consider whether the claimed interest is protected by law, whether there are limitations imposed on the interest, whether there is a reasonable relationship between the interest and the activity in question, and what likely impact the activity will have on the person's health, safety, use of his property and natural resources. *Id.* § 55.203(c) (Determination of Affected Person).

on the application map or supplemental map, or the sheet attached to the application map or supplemental map"; "persons on a relevant mailing list kept under § 39.407 of this title"; the mayor and health authorities of the city where the facility will be located or waste will be disposed of; and various agencies and officials. 30 Tex. Admin. Code § 39.413 (Mailed Notice); *see id.* § 39.407 (Mailing Lists) (Commission shall maintain mailing list of persons requesting notice of application; "[p]ersons, including participants in past agency permit proceedings," may request in writing to be included on list). However, notice of an application to renew a wastewater discharge permit is not required to be mailed to adjacent and downstream landowners. *Id.* § 39.551(b)(2)(A), (c)(5)(A) (Application for Wastewater Discharge Permit, Including Application for the Disposal of Sewage Sludge or Water Treatment Sludge). In addition to the required mailed notice, the applicant must also at various stages of the proceeding publish notice of its application in the local newspaper. *See id.* §§ 39.405(f) (General Notice Provisions), .411 (Text of Published Notice), .413, .418 (Notice of Receipt of Application and Intent to Obtain Permit), .419 (Notice of Application and Preliminary Decision), .551 (notice of wastewater permit applications).

Once an application is determined by the executive director to be administratively complete and notice has been given, time is provided for public comment. *See* Tex. Water Code § 5.552; 30 Tex. Admin. Code § 39.418; *see also* 30 Tex. Admin. Code § 39.411 (notice must describe public comment procedures). The executive director then conducts a technical review and issues a preliminary decision. Tex. Water Code § 5.553(a). Notice of that decision is again provided, and the public has the opportunity to comment or seek a contested case hearing. *Id.*

3

§ 5.553(b); 30 Tex. Admin. Code §§ 39.419 (notice of technical review and preliminary decision), 39.551(c)(3) (notice of preliminary decision generally gives at least thirty days for public comment), 55.152(a) (Public Comment Period) (public comment period generally ends thirty days after publication of preliminary decision); *see also* Tex. Water Code §§ 5.554 (executive director may hold public meetings during comment period), 5.555 (executive director shall respond to timely, relevant, and material public comments), 26.028(c) (Commission generally shall hold public hearing on wastewater permit application), (d) (circumstances under which Commission may approve renewal application without public hearing).

An individual may file a motion to overturn the executive director's decision on a permit application within twenty-three days of the date the Commission mails notice of the action. 30 Tex. Admin. Code § 50.139 (Motion to Overturn Executive Director). An "affected person" may also file a request for reconsideration or a contested case hearing. *Id.* § 55.201 (Requests for Reconsideration or Contested Case Hearing). A party who files a timely motion to overturn that is overruled by operation of law need not file a motion for rehearing in order to appeal. *Id.* § 50.139(g). A person affected by a Commission decision may seek judicial review in the trial court. Tex. Water Code § 5.351.

In making a permit decision, the Commission and the executive director must take into account an applicant's compliance history.[4] 30 Tex. Admin. Code §§ 60.1(a)(1)(A)

---

[4] The components of a compliance history are: (1) final enforcement orders, court judgments, and criminal convictions related to compliance with state or federal environmental rules or laws; (2) orders developed under section 7.070 of the water code (governing agreed administrative orders settling alleged environmental violation); (3) chronic excessive emissions events; (4) information required by law or other requirement necessary to maintain federal authorization; (5) dates of

(Compliance History), .3 (Use of Compliance History). The relevant time period is the five years before the date the application is received and may be extended "up through completion of review of the application." *Id.* § 60.1(b). After a review of the compliance history, the executive director classifies the applicant as a high, satisfactory, or unsatisfactory performer. *Id.* § 60.2(a) (Classification). A classification may only be appealed if the person or site is classified as an unsatisfactory performer or a repeat violator or obtains a satisfactory classification "with 45 points or more," and the appeal must be filed "with the executive director no later than 45 days after notice of the classification is posted on the [C]ommission's website." *Id.* § 60.3(e).

**Procedural and Factual Summary**

On September 23, 2009, the City filed an application to renew its wastewater discharge permit. The application was declared administratively complete on October 1, and notice was published in the local newspaper two weeks later. On February 2, 2010, technical review was completed, and the executive director made a preliminary decision to approve the renewal; notice of that decision was published in the local paper in March 2010. On May 17, the executive director renewed the permit. On June 16, Kunze filed his petition for judicial review.

---

investigations; (6) written notices of violation for up to one year "from the date of issuance of each notice of violation," except for those determined to be without merit; (7) dates of letters providing notice of an intended audit; (8) environmental management systems used for environmental compliance; (9) voluntary on-site compliance assessments; (10) participation in a voluntary pollution reduction program; and (11) "a description of early compliance with or offer of a product that meets future state or federal government environmental requirements." *Id.* § 60.1(c) (Compliance History). The executive director must determine whether each documented violation is major, minor, or moderate. *Id*. § 60.2(d) (Classification). A person or site is a "repeat violator" if, "on multiple, separate occasions, major violations of the same nature and the same environmental media" occur in the preceding five-year compliance history. *Id.* § 60.2(f).

5

In its plea to the jurisdiction, the Commission presented a summary of the City's compliance history, which ran from September 1, 2004, through October 26, 2009.[5] *See id.* § 60.1(b). The Commission stated that after reviewing the City's compliance history, a committee determined the City was an "average performer."[6] *See id.* §§ 60.1(c) (factors considered in compliance history review), .2(a) (classifications); *see also* Tex. Water Code § 5.754(b) (average performer is one that "generally compl[ies] with environmental regulations"). Based on that classification and what it characterized as the City's generally quick response to violations, the Commission explained, the executive director made a preliminary decision to approve the renewal. The Commission asserted in its plea that notice of the application's submission and the executive director's preliminary decision was published in the local newspapers and provided to the relevant parties, including individuals who had asked to be on a mailing list. When no one sought a hearing or lodged a complaint or comment, the permit was considered uncontested and was renewed. No one filed a

[5] Kunze asserts that the Commission should have considered August 2009 violations. The Commission acknowledged that it was understandable that Kunze wanted those violations to be considered but explained that those violations did not result in an agreed order until June 2010, outside the relevant compliance history time period, and were therefore not considered. *See id.* § 60.1(b) (compliance period is five years before date application is received and may be extended through completion of review), (c) (elements considered in review are, *inter alia*, "final enforcement orders, court judgments, consent decrees," dates of investigations, and written notices of violations).

[6] In that time period, the Commission conducted sixty-one investigations, resulting in one agreed order and six written notices of violations. The agreed order was entered into by the City and the Commission in April 2008 and was related to two major violations in September 2004—failing to comply with the effluent limit for ammonia nitrogen and failing to obtain Commission approval to discharge industrial waste into public waters—and one moderate violation in March 2004—failing to comply with effluent limits on dissolved oxygen. The notices of violations were related to three minor violations occurring in March 2006 and June 2009 and three moderate violations in December 2005, November 2006, and March 2007; the minor violations were resolved by the City's submission of certain documentation, and the moderate violations were all self-reported.

motion to overturn or reconsider the renewal, nor was there a request made for a contested case hearing.

The Commission and the City argued that Kunze's suit should be dismissed because he had not exhausted his administrative remedies, asserting that: the Commission and the City had complied with the applicable statues and rules; individual, mailed notice was not required to be sent to adjacent and downstream landowners; Kunze had never asked to be placed on the mailing list for information related to the City's facility; notice of the application was published in the newspaper as provided by law and rule; and Kunze did not request a contested case hearing or file a motion to overturn the renewal decision. The trial court held a hearing and concluded that the pleas were meritorious, signing an order granting the pleas and dismissing Kunze's suit.

Kunze argues that he was not required to give the Commission the opportunity to reconsider the executive director's renewal of the City's permit because section 5.351 of the water code required him to seek judicial review within thirty days of the executive director's decision. He asserts that the exhaustion-of-remedies doctrine did not require him to file a motion for rehearing because the Commission would not have had the opportunity to rule on the motion before losing jurisdiction to the reviewing court. He also contends that he was not required to request a contested

case hearing because the relevant statutes and rules do not provide a right to such a hearing[7] and because he was not provided the legal notice he claims he was due.

## Standard of Review

A plea to the jurisdiction is a dilatory plea asserting that a trial court lacks subject-matter jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Id.* at 226. Although we construe pleadings and their factual allegations liberally in favor of jurisdiction, when a plea to the jurisdiction "challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id*. at 226-27.

## Notice

We first turn to whether Kunze received proper notice of the permitting proceeding. When an application for a permit or license is declared administratively complete, the Commission

---

[7] The water code allows the Commission to act on a renewal application without holding a public hearing if the applicant is not seeking to significantly increase the quantity of waste or materially change the pattern or place of discharge, if the activities will maintain or improve the quality of waste, notice and the opportunity to be heard is provided, and the Commission determines that the applicant's compliance history does not raise concerns about the applicant's ability to comply with permit terms. Tex. Water Code § 26.028(d); *see also id*. § 26.028(h) (Commission may act without holding public hearing if notice of application has been published in paper, all persons "who in the judgment of the [C]ommission may be affected" are provided mailed notice, and no affected person has requested public hearing). Likewise, the rules provide that the Commission may act on a renewal application under water code section 26.028(d) without a contested case hearing if a review of the applicant's compliance history does not raise issues with the applicant's ability to comply with permit terms. 30 Tex. Admin. Code § 50.113(d)(4) (Applicability and Action on Application).

is to give notice of the application "to any person who may be affected by the granting of the permit or license." Tex. Water Code §§ 5.115(b), 26.028(a) (notice of wastewater application "shall be given to the persons who in the judgment of the commission may be affected by the application").

Although notice of a permit application generally must be mailed to landowners named in the application, 30 Tex. Admin. Code § 39.413, when the applicant seeks only to renew its wastewater discharge permit, notice of that application to renew is *not* required to be mailed to adjacent and downstream landowners, *id.* § 39.551(b)(2)(A), (c)(5)(A). The applicant must publish notice in the local paper throughout the permitting process. *See id.* §§ 39.405(f) (general provisions), .411 (text of published notice), .413 (who should receive mailed notice), .418 (notice of filing of application), .419 (notice of technical review and preliminary decision), .551 (notice of wastewater discharge permit applications).

Notice related to the City's renewal application was published in the newspaper when the application was declared administratively complete, when technical review was complete and preliminary approval was given, and when the permit was issued. Kunze asserts that he should have been mailed individual notice and that he should be considered an "affected person." However, despite filing multiple complaints related to the City's facility, Kunze did not ask to be included on the relevant mailing lists. Nor does Kunze explain how notice was insufficient under the applicable rules and statutes or, importantly, explain why rule 39.551, relieving the Commission from the duty to mail him notice, should not apply.[8]

---

[8] Kunze asserts that his petition alleged jurisdictional facts showing that he received insufficient notice and that the trial court should have taken as true his factual assertions that he did not receive adequate notice. To the contrary, however, Kunze's pleadings asserted *legal conclusions*

9

The evidence produced by the City and the Commission shows that they provided notice in accordance with the Commission's rules. We hold (1) that Kunze has not demonstrated that he was entitled to more notice than was provided and (2) that the City and Commission complied with the applicable statutes and rules in providing notice of the application.

## Exhaustion of Administrative Remedies

As explained earlier, the executive director may act on an uncontested application, *id*. § 50.133(a), and a permit is effective when signed by the executive director unless otherwise specified, *id*. § 50.135 (Effective Date of Executive Director Action). A person dissatisfied with the executive director's decision may file a motion to overturn, asking the Commission to reconsider the decision. *Id.* § 50.139 ("motion to overturn" used interchangeably with "motion for reconsideration"). A motion to overturn must be filed within twenty-three days of the date notice of the decision is mailed to the applicant and "persons on any required mailing list for the action." *Id.* § 50.139(b). If a motion to overturn is timely filed and not acted on by the Commission, it is overruled by operation of law forty-five days after notice of the permit was mailed; in such a case, a motion for rehearing is not a prerequisite for appeal,[9] and "[i]f applicable, the [C]ommission

related to notice (in his petition, he stated "that he was not provided the notice he was due" and that requesting a hearing in the administrative process would not have been "realistically adequate to address Mr. Kunze's claims that he should have been provided notice"). *See Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 516 (Tex. App.—Austin 2010, no pet.). The facts in this case related to notice are undisputed, and the trial court was therefore empowered to make the jurisdictional determination as a matter of law. *See University of Tex. v. Poindexter*, 306 S.W.3d 798, 806 (Tex. App.—Austin 2009, no pet.).

[9] A person who was provided notice under chapter 39 but did not timely file a public comment, request a hearing, or participate in any public meeting or contested case hearing may file a motion for rehearing under rule 50.119 or rule 80.272 or a motion to overturn the executive

10

decision may be subject to judicial review" under section 5.351 of the water code. *Id.* § 50.139(f), (g); *see* Tex. Water Code § 5.351. An affected person may also file a request for reconsideration or for a contested case hearing within thirty days of the date the executive director's decision is mailed. 30 Tex. Admin. Code. § 55.201(a), (b). However, there is no *right* to a contested case hearing for an application for renewal of a wastewater discharge permit if: (1) the applicant is not seeking a significant increase in the amount of discharge or material changes to the pattern or place of discharge; (2) the permitted activity will maintain or improve the waste quality; (3) consultation and response to all timely and significant public comments was given; and (4) a review of the applicant's five-year compliance history does not raise issues with the applicant's ability to comply with permit terms. *Id*. § 55.201(i)(5).

The City and the Commission assert that because Kunze did not involve himself in the administrative proceeding, he did not exhaust his administrative remedies and thus is barred from seeking judicial review. Kunze, on the other hand, argues that he was only required to file a petition for judicial review within thirty days of the date the executive director issued the permit, citing for support *Walter West, P.E. v. Texas Commission on Environmental Quality*, 260 S.W.3d 256 (Tex. App.—Austin 2008, pet. denied). *See* Tex. Water Code § 5.351 (person "affected by" Commission decision may seek judicial review within thirty days of effective date). He asserts that the Commission would not have been able to act on a motion to overturn, for reconsideration, or for a

---

director's decision under rule 50.139, but only to the extent of complaining about changes from the draft permit to the final decision. 30 Tex. Admin. Code § 55.201(h) (Requests for Reconsideration or Contested Case Hearing).

contested case hearing before the thirty-day deadline of section 5.351 had run, making any exhaustion requirement nonsensical.

Although Kunze is correct that it is unlikely that the Commission would act on a motion to overturn, due twenty-three days after notice of the executive director's decision is issued, before the thirty-day deadline ran, and although a motion for reconsideration or for a contested case hearing has the same thirty-day deadline, we cannot ignore the fact that both the water code and the Commission's rules provide administrative remedies for parties who object to an action taken by the executive director.[10] The Texas Supreme Court and this Court have repeatedly said that "only a party that has exhausted all available administrative remedies may seek judicial review" under section 5.351. *Texas Water Comm'n v. Dellana*, 849 S.W.2d 808, 809-10 (Tex. 1993); *see Texas Comm'n on Envtl. Quality v. Denbury Offshore, LLC*, No. 03-11-00891-CV, 2014 WL 3055912, at *6-7 (Tex. App.—Austin July 3, 2014, no pet.) (mem. op.) (if agency has exclusive jurisdiction, party must first pursue all administrative remedies before trial court may review agency's decision); *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 526-27 (Tex. App.—Austin 2002, pet. denied) (plaintiffs did not exhaust all available administrative remedies because they did not seek contested case hearing after published notice of application); *Larry Koch, Inc. v. Texas Natural Res. Conservation Comm'n*, 52 S.W.3d 833, 839 (Tex. App.—Austin 2001, pet. denied) ("exhaustion rule requires that plaintiffs pursue all available remedies within the administrative

---

[10] The Commission's letter stating that the permit had received final approval explained that a party could file a motion to overturn within twenty-three days of the letter and could also seek judicial review under section 5.351 of the water code. The letter cautioned, "Even if you request judicial review, you still must exhaust your administrative remedies."

process before seeking judicial relief").[11]  The fact that the administrative remedies are unlikely to have been finalized by the time a party must file his petition for judicial review does not excuse him from availing himself of those remedies.[12]  *See Heat Energy Advanced Tech., Inc. v. West Dallas Coal. for Envtl. Justice*, 962 S.W.2d 288, 292-93 & n.1 (Tex. App.—Austin 1998, pet. denied) (petition for judicial review filed after motion for rehearing was filed but before it was ruled on properly invoked trial court's jurisdiction).

---

[11]  *See also Texas Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887, 894-95 (Tex. App.—Austin 2014, no pet.) ("section 5.351 of the Water Code must be construed in the context of longstanding jurisdictional limitations on judicial review of agency orders," and its "waiver of immunity is limited to administrative actions that are regulatory in nature and only upon the exhaustion of all administrative remedies"); *Hendricks v. Texas Comm'n on Envtl. Quality*, No. 03-10-00758-CV, 2011 WL 2437694, at *3 (Tex. App.—Austin June 15, 2011, no pet.) (mem. op.) (deferring to Commission's interpretation of its statutes and rules as "acknowledg[ing]" that judicial review may be available for Commission decision that was subject of motion to overturn but "not as stating or implying any sort of sequential relationship between the two remedies"); *City of Austin v. Texas Comm'n on Envtl. Quality*, 303 S.W.3d 379, 383-84 (Tex. App.—Austin 2009, no pet.) ("The fact that an avenue for administrative review was open did not foreclose judicial review also being available, and the fact that administrative review was sought did not foreclose judicial review ceasing to be available."); *City of Donna v. Victoria Palms Resort, Inc.*, No. 13-03-00375-CV, 2005 WL 1831593, at *3 (Tex. App.—Corpus Christi Aug. 4, 2005, pet. denied) (mem. op.) ("When the legislature vests exclusive jurisdiction in an agency, exhaustion of administrative remedies is required before a party may seek judicial review of an agency's action.").

[12]  Kunze notes that certain cases cited by the City and the Commission relate to instances in which the Administrative Procedures Act applies in conjunction with statutory schemes governing a state agency, *see Simmons v. Texas State Bd. of Dental Exam'rs*, 925 S.W.2d 652 (Tex. 1996) (per curiam); *Heat Energy Advanced Tech., Inc. v. West Dallas Coal. for Envtl. Justice*, 962 S.W.2d 288 (Tex. App.—Austin 1998, pet. denied), and asserts that those cases do not apply here.  However, the same logic that requires exhaustion of remedies in a contested case applies here.  Allowing a party to seek judicial review when he did not involve himself at the agency level, resulting in the case being uncontested, without requiring him to exhaust available administrative remedies, while requiring more of a party who got involved in the administrative proceeding, would encourage an objecting party to lie behind the log and simply seek judicial review rather than encouraging participation in the administrative process, thus defeating the purpose of the administrative process—to allow the agency to address objections before they are presented to a trial court. *See, e.g.*, *Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006).

Nor does our opinion in *Walter West* lead us to conclude that exhaustion of remedies was not required. *See generally* 260 S.W.3d at 260-63. The complaining parties in *Walter West* had attempted to intervene in the administrative proceeding and were determined by the Commission not to be "affected parties." *Id.* at 258-59. We held that the executive director's subsequent decision to grant the permit, which was determined to be uncontested after a hearing request was withdrawn by the only person determined to be an affected person, was not a contested case subject to the Administrative Procedures Act. *Id.* at 261-62. Instead, the proceeding was governed by the water code, which required a suit for judicial review to be filed within thirty days of the date the permit was approved. *Id.* at 263. We did not hold in *Walter West* that a party who was a stranger to the permitting proceeding could seek judicial review after never having attempted any involvement in the administrative proceeding.[13]

In an uncontested case such as this, the water code and applicable rules allow a person to seek further agency review of the executive director's decision. Because there were available administrative remedies, Kunze was required to avail himself of them, whether by filing a motion to overturn, for reconsideration, or for a contested case hearing. He did not do so, and therefore he is barred from seeking judicial review of an agency proceeding he was not involved in.

---

[13] To the extent that any language in footnote 7 of *Walter West, P.E., v. Texas Commission on Environmental Quality* can be construed as implying that a party need not exhaust administrative remedies before seeking judicial review of a decision in an uncontested permitting proceeding, such language is mere dicta. *See* 260 S.W.3d 256, 262 n.7 (Tex. App.—Austin 2008, pet. denied).

14

## Conclusion

The Commission and the City complied with relevant statutes and rules related to notice of this permitting proceeding.  Because Kunze did not seek to employ any of the available administrative remedies, he may not seek judicial review of the permitting decision.  We affirm the trial court's order granting the City's and the Commission's pleas to the jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   August 14, 2015

15